JOHN B. SMITH, RESPONDENT, *v.* ABRAM T. KERR, APPELLANT.

*Service of papers sufficiently made by the delivery of a copy — presumption as to the existence of an original arising from the service of a copy.*

In this action the defendant's attorneys prepared an offer of judgment and annexed to the same the affidavit of authority required by the statute and delivered copies thereof to plaintiff's attorney, the originals being retained by the defendant's attorneys.

*Held,* that the service of the copy of the offer, and affidavit of authority annexed, was a compliance with the statute, and the delivery of the original papers was not essential to the service.

That in an action an attorney represents his client, and when a paper in the case purporting to be a copy is delivered by him, or by his direction, for the purpose of service upon the adverse party, or his attorney, it is presumed that it is a copy of an original, provided it purports to be a copy of a paper legitimately made by him in the case.

That the delivery by the defendant's attorneys to the attorney for the plaintiff of the copies of the offer and affidavit was, when the non-production of the originals was accounted for, *prima facie* evidence of the fact that the original offer and affidavit were made.

Where the manner of doing it is not governed by any statute, service of a paper by delivering a copy and showing the defendant, if he desires it, the original, is the recognized method of making service of it.

APPEAL from an order of the Erie Special Term, denying the defendant's motion for a retaxation of costs.

*Ansley & Davie,* for the appellant.

*James G. Johnson,* for the respondent.

BRADLEY, J.:

This action is a consolidation of three actions, in which respectively the defendant's attorneys prepared offers of judgments, annexed to each of them the affidavit of authority required by the statute (Code of Civil. Pro., § 740), and delivered copies of such offers and affidavits to the plaintiff's attorney. The originals were retained by the defendant's attorneys, and with their office and its contents were destroyed by fire. The offers were not accepted by the plaintiff, and the recovery by him was not more favorable than the offers, and, for that reason, the defendant claimed that he was, and that the plaintiff was not.

entitled to costs from the time of such offers. (Id., § 738.) The clerk disallowed this claim of the defendant and taxed the plaintiff's costs, and, by the order of the Special Term, the defendant's motion for retaxation was denied.

The objection on the part of the plaintiff, taken and urged in support of the denial of costs to the defendant subsequently to the offers, is, that the service of copies of the offers and affidavits of authority annexed, was not a compliance with the statute, which provides that the defendant may serve upon the plaintiff's attorney " a written offer," etc. (id., § 738), and that unless an offer is subscribed by the party, his attorney must subscribe it and annex thereto his affidavit, to the effect that he is duly authorized to make it. (Id., § 740.)

If the defendant's attorneys failed to observe this statutory requirement in making and serving the offers, the plaintiff's attorney was at liberty to disregard them. (*McFarren* v. *St. John*, 14 Hun, 387; *Riggs* v. *Waydell*, 17 id., 515; affirmed, 78 N. Y., 586; *Leslie* v. *Walrath*, 45 Hun, 18.) The question therefore, is, whether the delivery to the plaintiff's attorney of copies, was a service of the offers within the meaning of the statute. If it requires the delivery of the original offer and affidavit, as distinguished from a copy, the defendant failed to make the requisite service. In terms, the statute does not direct that to be done, unless such direction is found in the provision requiring the service of " a written offer." The delivery of an original paper is not necessarily essential to its service. The old Code (§ 134) provided for the service of summons by delivering a copy of it, and so does the new Code (§§ 2878, 2910). When the manner of doing it is not governed by any statute, the service of process by delivering a copy and showing to the defendant, if he desires it, the original, is the recognized method of making service of it. (*Williams* v. *Van Valkenburg*, 16 How., 152.)

The attorney is an officer of the court, and in the action in which he appears he represents his client. And when a paper in the action, purporting to be a copy, is delivered by him or by his direction for the purpose of service upon the adverse party or his attorney, it is presumed that it is a copy of an original provided it purports to be a copy of a paper legitimately made by him in the action. It is usual and within the recognized practice to make

service of papers in actions by delivery of copies, and retaining or filing the originals. (1 Burrill Pr., 351.) There seems nothing in the terms of the statute to take the service of an offer of judgment out of such ordinary rule and practice. If it may be or becomes important to the adverse party for any purpose, that it be done, the attorney making the service may usually be required to file the original with the clerk of the court.

It is not essential that the papers have the genuine written signature of the attorney subscribed to it, although the statute requires that it be subscribed by him. His name subscribed in any manner, either written or printed, is sufficient, inasmuch as it is treated by the attorney as subscribed by him, so there is nothing in the inquiry whether judicial notice will be taken of it by the mere inspection of the paper. (*Barnard* v. *Heydrick* 49 Barb., 62; 2 Abb. [N. S.], 47; *S. C., sub nom. Brainerd* v. *Heydrick,* 32 How., 97; *Mayor* v. *Eisler,* 2 Civ. Pro. R., 125.)

Papers served are given authenticity by the fact that they are served by an attorney or by his directions. The delivery by the defendant's attorney to the attorney for the plaintiff, of the copies of the offers and affidavits, established, *prima facie,* the fact that such original offers and affidavits were made, and such delivery constituted the service of them. The plaintiff's attorney was required to so understand it, and was authorized to treat the papers so delivered for the purpose of the service as the offers of judgment. He could not, therefore, effectually disregard them. But when the defendant came to ask for costs founded upon the fact of offers of judgment, it was necessary for him to furnish proof of service of them. This could properly have been done by the production of the originals with proof of service made by delivery of copies. Their non-production was sufficiently accounted for. It is said by counsel that it does not appear by the papers presented upon this review, what was before the clerk on the taxation by him of the costs. No papers bearing upon that question are properly here, other than those which were submitted to him. It must be assumed that all the papers in the appeal book are properly in it for consideration on this review. If anything in it was not legitimately there, correction should have been obtained by motion. No such objection, however, is made. Upon the facts, as presented,

the defendant seems to have been entitled to costs from the time his offers of judgment were served.

The order should be reversed, and retaxation of costs ordered.

BARKER, P. J., and DWIGHT, J., concurred; HAIGHT, J., not sitting.

Order reversed and retaxation of costs ordered, without costs of this appeal to either party.