(10 Misc. Rep. 306.)

KELLEY v. CITY OF SYRACUSE et al. HEAGLE v. SAME. DIXON v. SAME. SYRACUSE PRESSED-BRICK CO. v. SAME. PRESTON v. SAME.

(Supreme Court, Special Term, Onondaga County. November 30, 1894.)

1. BUILDING CONTRACTS—ARCHITECTS' CERTIFICATES.

Where a contract provides that "no payment shall be made except on the written certificate of the architect stating that he considers the payment properly due," regard must be had, in making such certificate, to the amount and value of the work remaining to be performed.

2. MECHANIC'S LIEN—SERVICE OF NOTICE—COPY.

Service of a copy of a notice of lien is sufficient.

3. SAME—EQUITABLE ASSIGNMENT.

Plaintiffs, after furnishing a quantity of brick to a subcontractor, entered into a contract with him to furnish brick "to be paid for as fast as the outer walls of each story are substantially laid." The contract further provided that "an order is hereby given" to plaintiffs on the contractor for the payment of the purchase price of said brick, that the contractor may pay the purchase price of such brick as aforesaid, and that plaintiffs are given a lien on the contract price between said contractor and said subcontractor for the purchase price of all brick delivered as herein specified. The contract was signed by plaintiffs, the subcontractor, and the contractor. Held, that such contract was an equitable assignment of money to become due the subcontractor to the extent of the value of brick delivered thereafter, as well as that already delivered.

Separate actions by John Kelley, Jr., by Jacob Heagle, by James Dixon, by the Syracuse Pressed-Brick Company, and by John Preston against the city of Syracuse and others, to foreclose mechanics' liens. The actions were consolidated by order of court.

Costello & Welch, for John Kelley, Jr., and others.
Charles E. Ide, for city of Syracuse.
Allis & Rogers, for Jacob Heagle.
Hancock, Beach & Devine, for James Dixon.
Kennedy, Tracy, Mills & Ayling, for Syracuse Pressed-Brick Co.
Knapp, Nottingham & Andrews, for Anson E. Alvord.
P. J. Ryan, for John Preston and others.

WRIGHT, J. On June 18, 1892, the defendant John A. Isley entered into a contract with the city of Syracuse, through its board of education, for the construction of a brick schoolhouse for $23,200. Isley commenced work about September 9th, and continued until December 10th, when he suspended work. On December 15, 1892, the board of education served on Isley a notice that, unless he should resume work within 48 hours, the board would consider the contract

abandoned, and proceed to complete the building under the clause of the contract authorizing such action in the case of an unreasonable suspension of the work. Isley did not resume. Isley had subcontracted the mason work to James J. Dixon for $10,879, who, up to December 1, 1892, had performed work at an expense of $3,788; but a part was defectively constructed, and the value of properly relaying that defective part was $200, which left, as the value of the work, $3,588; and he had deposited on the premises, for use in the continuance of the mason work, materials of the value of $700. He had received thereon only $1,000. At this time, Isley, the contractor, applied to the architect for an estimate for $2,000, which was refused on the ground that it was not due. This refusal caused the contractor to become financially embarrassed, and compelled him to suspend the work on December 10th. The city thereupon, on·December 15th, served the 48-hour notice above mentioned, and, Isley not resuming work, the city, on December 17th, took possession of the building, and on December 31st let the contract for its completion for $21,675, which sum, added to the $1,000 which had been paid Isley, is $525 less than the original contract price. All concede that sum, at least, to be liable to the claimants according to the priority of their rights. But it is urged by Dixon and other lienors that the city should be held liable to the extent of $2,000, on the ground that the architect unreasonably refused to give the certificate above mentioned. The contract provides that the contract price shall be paid "in payments as the work progresses," and that on all payments 15 per cent. of the amount due shall be retained to insure the faithful performance of the agreement, "and that no payment shall be made except on the written certificate of the architect, stating that he considers the payment properly due." The value of the work performed was not the sole guide in determining the amount due. The architect must have had regard also to the amount and value of the work remaining to be performed; and, if it were apparent that the expense of completing the contract from that point would be substantially the full amount of the unpaid contract price, nothing was due the contractor. The court can hold the architect to only a fair and reasonably correct judgment in that regard, and the fact that the expense of completing this building was only $525 less than the balance of the original contract price which remained un-paid at the time when the certificate was demanded is conclusive evidence of such fairness and reasonableness of judgment. We are referred to Foshay v. Robinson, 137 N. Y. 134, 32 N. E. 1041. In that case it was held that the material man had a lien to the extent of an installment which had been earned, though the owner, after the contractor had abandoned the building, expended more than the amount of the contract price remaining unpaid at the time of such abandonment; but in that case, "by their contract, the owner was to pay the contractor in installments fixed by different and designated stages of the work of building," and it was further provided "that a certificate of the architect should be obtained as each of the stages was reached." It will be noticed in

that case that the contractor specified the precise contingencies upon which certain definite installments should become due, but in this case no such arbitrary standards were fixed.    There were no segments in either the building or price.    Payments, indefinite in amount, were to be made when, in the architect's judgment, they became due; and, in order to determine whether the $2,000 or any sum were due, the architect necessarily was obliged to observe the contract and building as entireties.    The injury to the walls, caused by the elements during the winter, was not occasioned by the neglect of Isley or Dixon; hence the amount due either of them is not diminished thereby.

Objection is raised against the lien of John Preston on the ground that a copy instead of a duplicate original notice of lien was served on the president of the board of education.    The original was served on the city treasurer.    Since the statute does not in terms require the service of the originals, this method of service is sufficient. Smith v. Kerr (Sup.) 1 N. Y. Supp. 454.    Notices of liens aggregating about $4,000 have been filed against the building on account of work and material furnished to the subcontractor, Dixon; but the claimant John J. Preston urges that, as assignee of P. Preston & Bro., he is entitled to payment prior to any lien, on the ground that he held, by an order, an equitable assignment of the money due from Isley to Dixon up to the sum of $684, which was accepted by Isley prior to the filing of any lien.    P. Preston & Bro. furnished brick to Dixon, the subcontractor, and on October 25, 1892, when brick to the value of $90 had been delivered, the Prestons and Dixon entered into a written contract for the furnishing of brick at an agreed price, and which "were to be paid for as fast as the outer walls of each story are substantially laid."    And the contract further states that "an order is hereby given by the party of the second part [Dixon] to party of the first part [P. Preston and John Preston] on John A. Isley for the payment of the purchase price of said brick; and it is hereby agreed that said John A. Isley may pay to the parties of the first part the purchase price of said brick as aforesaid; and said parties of the first part are hereby given a lien on the contract price between said John A. Isley and said Dixon for the purchase price of all the brick delivered as herein specified."    The contract was signed by both parties, also by John A. Isley, on the day of its date, and a copy delivered to Isley.    The order was taken by Preston & Bro. as payment for the brick already delivered and which might be thereafter delivered. Preston & Bro. continued to deliver brick until November 15, 1892, when a quantity worth $684 at the agreed price had been delivered. Preston & Bro. duly filed their lien on December 10, 1892.    P. Preston subsequently assigned his interest in the claim to John Preston. Several other liens were filed prior to that of Preston & Bro.    It is objected that this contract and order do not constitute an equitable assignment, on the ground that the specific fund out of which Isley was directed to pay the Prestons is not sufficiently identified, and    further, that, if the fund is sufficiently identified, the order operates as an equitable assignment to the extent only of $90,

that being the value of the brick delivered at the time of the execution of the contract, for the reason that only that sum was then due. These objections are untenable. The contract, read in the light of the surrounding circumstances, shows with sufficient clearness what fund is intended (Brill v. Tuttle, 81 N. Y. 454); and from the wording of the whole contract it is evident that the parties intended the order to cover the value of the brick to be thereafter delivered, as well as those already delivered. Isley's signing the contract was an acceptance of the order. The amount of this claim was determined by the delivery of all the brick prior to the filing of any lien. The liens would attach only upon the money which Dixon was entitled to receive from Isley at the respective dates of their filing; but on October 25th, after the execution and acceptance of the order, the amount of Dixon's claim against Isley was thereby diminished by the amount of the purchase price of the brick. Prior to the filing of the liens, the claims of the lienors were merely contractual, each standing on an equality, and Dixon had a right to make a preference among them, which he did in favor of the Prestons. The office of the mechanics' liens is to intercept moneys in the hands of the payor, due or to become due his payee. In this case nothing would become due the payee, Dixon, until after Isley had paid to the Prestons the amount of Dixon's order. Stevens v. Ogden, 130 N. Y. 182, 29 N. E. 229; Lauer v. Dunn, 115 N. Y. 405, 22 N. E. 270; McCorkle v. Herrman, 117 N. Y. 297, 22 N. E. 948; Hirshfield v. Ludwig, 69 Hun, 554, 24 N. Y. Supp. 634. This claim amounting to more than the entire sum due from Isley to Dixon, it is unnecessary to give further consideration to the other liens, except to direct their discharge. Costs are awarded to John Preston, as plaintiff, against all parties, except as against the city of Syracuse, and costs are awarded to the city of Syracuse, as defendant, against all the parties except John Preston. Judgment ordered accordingly.