ROCKLAND LAKE TRAP ROCK COMPANY, Respondent, Appellant, *v.*
THE VILLAGE OF PORT CHESTER and Others, Appellants,
Respondents, Impleaded with Others.

*Mechanic's lien on money due by a village to a contractor — when notice is properly
filed with the chairman of the committee on roads of the board of village trustees
— it need not be verified — effect of the contractor's abandonment of the work —
orders given by contractors for public improvements must be filed — the payment
of an order of the contractor, invalid because not filed, not credited to the village as
against lienors — the village is not obliged to pay costs in excess of the amount due
to the contractor.*

The filing with the chairman of the committee on roads and bridges of the board
of trustees of the village of Port Chester of a notice of a mechanic's lien for
work done and materials furnished under a contract for the regulation, grading
and macadamizing of a street in that village, is a sufficient compliance with sec-
tion 12 of the Lien Law (Laws of 1897, chap. 418, as amd. by Laws of 1902,
chap. 37), which requires the notice of such a lien to be filed with the head of
the department or bureau having charge of the construction of the public
improvement.

A notice of a mechanic's lien filed against a village on account of public improve-
ments therein need not be verified.

The fact that the contract for the public improvement was unjustifiably aban-
doned by the principal contractor does not affect the right of sub-contractors,
materialmen and laborers to enforce liens filed by them against funds in the
hands of the village due the principal contractor.

Section 15 of the Lien Law, which declares that an order for the payment of
money drawn by the contractor on the owner shall not be valid until a copy
thereof is filed in the county clerk's office, is applicable to contracts for public
improvements.

Payments made by the village under orders drawn by the principal contractor,
which were invalid because copies thereof were not filed in the county clerk's
office as prescribed by section 15 of the Lien Law, are not available to the vil-
lage as against lienors.

Under section 3418 of the Code of Civil Procedure the entire recovery by the lien-
ors, including the costs awarded to them, must not exceed the amount due to
the principal contractor.

CROSS-APPEALS by the plaintiff, the Rockland Lake Trap Rock
Company, and by the defendants, the Village of Port Chester and
others, from portions of a judgment of the Supreme Court, entered
in the office of the clerk of the county of Westchester on the 12th
day of December, 1903, upon the report of a referee.

*Grenville T. Emmet,* for the plaintiff.

*Louis S. Phillips* [*Arthur R. Wilcox* and *Jerome A. Peck* with him on the brief], for the defendant Village of Port Chester.

*De Witt H. Lyon,* for the defendants Studwell and others.

PER CURIAM:

This action was brought by the Rockland Lake Trap Rock Company for the purpose of foreclosing alleged mechanics' liens filed by the plaintiff and various defendants (sub-contractors, laborers and materialmen) against funds in the hands of the village of Port Chester, applicable to the payment of the contract price agreed to be paid under a contract entered into May 31, 1902, between the village of Port Chester and the defendant Thomas J. McKenna, as contractor, for the regulating, grading and macadamizing of Westchester avenue in said village.

The referee has found that the sum of $2,340.24 remained in the hands of the village, applicable to the construction of the said improvement, unpaid and due the contractor, upon the said contract, and for extra work, which sum was subject to the payment of liens filed by parties to the action; and directed judgment against the village for the payment of such liens in specified amount and priority, together with costs, but not exceeding the said sum of $2,340.24. From the judgment entered the village appeals, and the plaintiff and certain defendant lienors appeal from so much of the judgment as limits the costs to the fund appropriated and available for the construction of the improvement.

The first question to be considered is whether the plaintiff's notice of lien was filed in such a manner as to make it effective against the village of Port Chester. The Lien Law (§ 12, as amd. by Laws of 1902, chap. 37) requires a notice of lien to be filed with the head of the department or bureau having charge of the construction of the public improvement. This public improvement was made by the village of Port Chester, and the plaintiff and the other lienors excepting Studwell, Stamboni, the American Sewer Pipe Company and Sherwood, served their notices upon Charles E. Lounsbury, chairman of the committee on roads and bridges of the village board of trustees. It seems to us quite clear that this com-

mittee was the head of the department or bureau having charge of the work in question within the meaning of the statute; especially in view of the declaration of the statute itself that it is to be construed liberally in order to secure the beneficial interests and purposes thereof, and that a substantial compliance with its several provisions shall be sufficient for the validity of a lien. (Lien Law [Laws of 1897, chap. 418], § 22.) The four other lienors above named served their notices upon the president of the village, and no question is raised as to the propriety of such service.

The other objections to the judgment may be briefly considered. It is urged that some of the liens were improperly verified; but it has been held that liens filed against a village on account of public improvement do not require verification. (*Clapper* v. *Strong*, 90 App. Div. 536.) The contention that inasmuch as the contract was unjustifiably abandoned none of the lienors can recover upon the contract, is answered by the fact that the lienors are not seeking to recover upon the contract, but upon their liens. The finding of the referee that the three Horton orders were invalid because not filed in the office of the county clerk, is in accordance with section 15 of the Lien Law, which declares that no order shall be valid until " a copy of such order be filed in the office of the county clerk," and in *Brace* v. *City of Gloversville* (167 N. Y. 452) it is expressly held that this section applies to contracts for public improvements. We cannot assent to the proposition that assuming these orders to have been invalid their payment by the village before any lien was filed entitled the village to claim the benefit of such payment against a lienor. To so hold would be to make a plea of the payment of invalid orders available as a bar against the maintenance of otherwise valid liens.

As to the cross-appeals of the plaintiff and other lienors from that part of the judgment which limits the costs to the amount found due to the contractor, we think that the referee was bound by the provisions of section 3418 of the Code of Civil Procedure, which provides that in an action to foreclose a lien on account of a public improvement, if the court finds that the lien is established it shall render judgment directing the municipal corporation to pay over to the lienors entitled thereto " so much of the funds or money which may be due from the State or municipal corporation to the

contractor, as will satisfy such liens, with interest and costs, *not exceeding the amount due to the contractor.*"

We think that the case was disposed of below without error affecting any substantial right of the appellants, and that the judgment should be affirmed.

HIRSCHBERG, P. J., BARTLETT, WOODWARD, JENKS and HOOKER, JJ., concurred.

Judgment affirmed, without costs of this appeal to any party.