(162 App. Div. 377)

MORAN v. MAYOR, etc., OF CITY OF NEW YORK et al.    (No. 5633.)

(Supreme Court, Appellate Division, First Department.    May 1, 1914.)

MUNICIPAL CORPORATIONS (§ 373*)—INTEREST AND COSTS—LIENS AGAINST MUNICIPAL IMPROVEMENTS.

Under the New York Consolidation Act (Laws 1882, c. 410) in force in 1895, section 1824 of which gave subcontractors a lien upon the amount due from the city to the principal contractor, but provided that the city should not be required to pay a greater amount than the contract price for the work, and section 1831 of which authorized judgment against the city in an action to enforce such lien for the amount due from the city to the contractor, neither interest prior to the date of entry of the judgment nor costs can be charged against the city where such charges would cause the judgment to exceed the sum due from the city to the principal contractor.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 913; Dec. Dig. § 373.*]

Appeal from Judgment on Report of Referee.

Action by Dennis W. Moran against the Mayor, etc., of the City of New York, and others, defendants. Judgment for the plaintiff, and the Mayor, etc., of the City of New York appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

William E. C. Mayer, of New York City, for appellant.
John Mulholland, of New York City, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

McLAUGHLIN, J. On the 15th of June, 1894, the city of New York entered into a contract with Collins & Gillis, by which the latter agreed to curb, grade, and flag a portion of 168th street. Some time thereafter Collins & Gillis sublet a portion of the work to the plaintiff, who, having fully performed his contract and not having been paid therefor, on the 17th of August, 1895, filed with the city a notice of lien for the amount due him from the contractors to the extent of $4,633.91. The contractors completed their contract on the 6th of December, 1895, and there was then due them from the city $1,459.68, and thereafter became due an additional sum of $401.37, an amount withheld by the city as security for the making of certain repairs. This action was commenced on the 15th of November, 1895; the city, the contractors, and a subsequent lienor being made parties defendant. The subsequent lienor, in her answer, disputed plaintiff's right to a prior lien, and the city denied that it had any knowledge or information sufficient to form a belief as to its liability to any one. The issues were sent to a referee to hear and determine, and on May 14, 1904, he filed his report, by which he found there was due the plaintiff from the contractors $4,633.91, with interest, and for which he had a first lien upon $1,861.05, the amount due from the city to the contractors. He accordingly directed that judgment be entered in favor of the plaintiff against the city for $1,861.05, together with the interest thereon from the date when the same became due, which, at the date of the report, amounted to $923.67. He also awarded plaintiff the costs of the action. Judgment was not entered upon the report until October 22, 1912. It included interest on the amount found due in the report from the date thereof and also the costs of the action, which amounted in all to $5,018.03.

The city appeals from the judgment, and but two questions are presented: (a) Whether plaintiff were entitled to any interest whatever; and (b) whether he were entitled to costs.

I am of the opinion that the plaintiff, by reason of express provisions of the statute in force at the time the notice of lien was filed and the action commenced, was not entitled to interest either upon the amount found due by the referee from the time the same became due, or from the date of the referee's report to the entry of the judgment, or to costs. The statute then in force was the New York City Consolidation Act (chapter 410, Laws of 1882). Section 1824 of this act is to the effect that a subcontractor can have a lien for the value of labor performed or materials furnished by him upon moneys in the control of the city "to the extent of the amount due or to grow due" under the general contract, "provided that the city shall not be required to pay a greater amount than the contract price or value of the work and materials furnished when no specific contract is made in the performance of said work by the contractor." Section 1831, which relates to actions brought to enforce a lien, provides that the court in which the action is brought shall determine the validity of the lien, the amount due from the debtor to the contractor under his contract, and from the contractor to the respective claimants, and shall "render judgment directing that the city shall pay over to the claimants * * * so much of said funds or money which may be due

from the city to the contractor under his contract against which the lien is filed as will satisfy their liens or claims, with interest and costs, to the extent of the amount due from the city to the said contractor." Section 1831 of the Consolidation Act was repealed in 1899 (chapter 195). A similar provision had, however, previously been enacted as section 3418 of the Code of Civil Procedure (chapter 419, Laws of 1897) and by chapter 38, Laws of 1909 (Consol. Laws, c. 33) this section was repealed and a similar provision re-enacted as section 60 of the Lien Law (chapters 38 and 65, Laws of 1909). Under the provisions of the Consolidation Act and the subsequent enactments above referred to, the amount of plaintiff's recovery, as it seems to me, was expressly limited to the amount due from the city to the contractors, which was $1,861.05, and judgment could not be entered against it in excess of that amount.

A quite similar question was passed upon in Rockland Lake Co. v. Port Chester, 102 App. Div. 360, 92 N. Y. Supp. 631, affirmed 185 N. Y. 590, 78 N. E. 1111. It was there held that a judgment could not be rendered against a municipal corporation for a sum including principal, interest, and costs, in excess of the amount due from it to the contractor. The court said:

"We think that the referee was bound by the provisions of section 3418 of the Code of Civil Procedure, which provides that, in an action to foreclose a lien on account of a public improvement, if the court finds that the lien is established it shall render judgment directing the municipal corporation to pay over to the lienors entitled thereto 'so much of the funds or money which may be due from the state or municipal corporation to the contractor, as will satisfy such liens, with interest and costs, not exceeding the amount due to the contractor.' "

It is true that section 1235 of the Code of Civil Procedure provides that, where final judgment is rendered for a sum of money awarded by a report, interest upon the sum awarded from the date of the report to the time of entering judgment must be computed by the clerk, added to the sum awarded, and included in the amount of the judgment; and section 53 of the Lien Law leaves the granting of costs in an action to foreclose a lien to the discretion of the court. But these provisions must be considered subject to the express limitations contained in the Consolidation Act and subsequent enactments relating to liens against municipal corporations to the effect that in no case shall judgment be entered against them for more than the amount due to the contractor. The right to file a lien at all comes from the statute, and only such rights as are there given can be obtained. The plaintiff has only himself to blame for the loss of interest on the amount found due by the referee from the date of his report to the entry of judgment because he could have entered judgment upon the report had he seen fit to do so, in which case the judgment would have drawn interest.

The city's liability was practically conceded at the close of plaintiff's case, when a motion was made that judgment be allowed against the city for the amount that it had on hand belonging to the contractor, viz., $1,861.05.

The judgment is therefore modified by reducing it to $1,861.05 and, as. thus modified, affirmed without costs to either party. Settle order on notice. All concur.