## Italian Mosaic & Marble Company, Inc., Plaintiff, v. City of Niagara Falls and Others, Defendants.

Supreme Court, Niagara County, January 31, 1928.

Liens — mechanics' liens — action to establish liens on fund in possession of treasurer of city of Niagara Falls arising out of construction of public school building — lien invalid by plaintiff's failure to file copy of notice with city treasurer, pursuant to Lien Law, § 12 — assignment of claim to plaintiff invalid as against subsequent lienors by reason of failure to file assignment with city treasurer, pursuant to Lien Law, § 16 — plaintiff has interest in fund under assignment after application thereof to payment of valid existing liens — filing of copy, rather than original of notice, did not invalidate lien — fact that order continuing lien was filed more than three months after notice of lien, does not render lien invalid — liens filed by foreign corporation on real property instead of on funds applicable to contract, defective — foreign corporation doing business in this State without filing certificate of authority, pursuant to General Corporation Law, § 15, cannot acquire mechanic's lien under contract made here — foreign corporation made party defendant, in action to foreclose lien, cannot enforce lien — such liens as are valid may be paid out of funds in hands of city treasurer — costs should be paid out of funds in hands of treasurer.

In this action to establish liens in a fund in the possession of the treasurer of the city of Niagara Falls arising out of the construction of a public school building, a claim by plaintiff, predicated on a notice of lien filed with the board of education, must be disallowed, by reason of plaintiff's failure to file a copy of the notice of the lien with the city treasurer of said city, pursuant to section 12 of the Lien Law.

Furthermore, an assignment of the claim to plaintiff is invalid as against subsequent lienors, by reason of the failure to file said assignment with the treasurer of said city, as required by section 16 of the Lien Law. However, plaintiff has an equitable interest in the fund by virtue of the assignment, and should be paid after the fund has been applied to the payment of valid existing liens.

A second claim, predicated upon a lien filed by another contractor, is not invalid because copies rather than originals of the notice were filed with the treasurer of the city and the board of education, since section 12 of the Lien Law does not expressly require the filing of an original notice with the proper authorities. Nor did the lien expire by reason of the omission to file an order continuing the lien within three months after the filing of the notice of the original lien, in the absence of any intervening claimants to be prejudiced.

A notice of lien filed by another defendant, a foreign corporation, on real property, instead of upon the funds applicable to the contract, is defective and invalid.

Moreover, such a corporation doing business in this State without filing a certificate of authority, pursuant to section 15 of the General Corporation Law, cannot acquire a mechanic's lien under a contract made in this State. Furthermore, said corporation, though made a party defendant in this action to foreclose a mechanic's lien, cannot enforce any claim predicated upon a lien filed by it by reason of its failure to file a certificate of authority to do business, as required by section 15 of the General Corporation Law.

Supreme Court, January, 1928.          [Vol. 131

Other liens are invalid in the absence of anything to show that they were continued by an order within three months of filing, where they have expired before the commencement of this action.

Such liens as are valid may be paid out of the fund in question, and costs, but not extra allowances, should be paid out of that fund to the attorneys appearing for those holding valid liens.

ACTION under the Lien Law to establish liens on a fund in the possession of the treasurer of the city of Niagara Falls, arising out of the construction of a public school building.

*William R. Daniels*, for the plaintiff.

*Charles Diebold, Jr.*, for the defendants The Carey Company and Hachmeister-Luid Chemical Company.

*Chester, Smith & Smith* [*Richard E. Jacobson* of counsel], for August Feine & Sons Co.

*Thomas B. Lee*, for City of Niagara Falls and Board of Education of said city.

*Augustus Thebedeau*, for the defendant James Robertson.

WHEELER, Official Referee. This action is brought under the Lien Law to establish liens upon a certain fund in the hands of the treasurer of the city of Niagara Falls arising out of the construction of a public school building by the board of education of said city. The building of the school was properly authorized by a vote of the electors of the city, and the necessary funds to pay for its construction paid into the hands of the city treasurer. The board of education of the city was charged with the duty of erecting the building. It made a contract for its construction with " Norman McLeod, Incorporated," for the agreed price of $172,900. The school has been completed and accepted. Certain payments have been made by the city, but there remains in the city treasurer's hands the sum of $6,027 of the corporate funds applicable to the contract, under which the claims involved in this suit are made.

The plaintiff and certain defendants assert liens on said fund by reason of work, labor and materials furnished Norman McLeod, Incorporated, in the construction of the building. No contest is raised as to the amounts claimed to be owing by the contractor, but a sharp and serious contest arises between the parties to this action as to the validity of the liens filed by them against the fund in question.

Fortunately there is no dispute as to the essential facts on which the validity or invalidity of the liens in question arise.

The referee will, therefore, take up for consideration *seriatim* the respective liens under which claims are made. First comes the claim of the plaintiff the Italian Mosaic and Marble Co., Inc.

This company asserts liens aggregating $5,718. The evidence shows that on August 6, 1926, Norman McLeod, Incorporated, gave to the claimant an assignment of the sum of $5,600 " to be paid from moneys otherwise due us, now held by your Board as a drawback on Seventeenth Street School Contract." A copy of this assignment or order was filed with the board of education on the 7th day of August, 1926. A copy of the order or assignment, however, was not filed with the treasurer of the city of Niagara Falls. In time this assignment antedates the filing of any notices of lien by others. This order or assignment has not been paid.

On the 10th of October, 1926, the claimant filed with the board of education a notice of lien for $118 for work and material furnished subsequent to the giving of the order for $5,600, and on October 15, 1926, the claimant also filed with the board of education a further notice of lien for $5,600, the amount specified in its prior order and assignment. Neither the notice of lien for $118 or for $5,600 was filed with the city treasurer of Niagara Falls.

By orders of Mr. Justice LYTLE of the Supreme Court filed January seventh with the board of education these liens were continued for the period of six months.

Neither of these orders or copies thereof were filed with the city treasurer.

The contention is made that these notices are insufficient in law to establish a lien on the fund because of a failure by the plaintiff to file notices with the city treasurer who is the custodian of the fund. The referee is of the opinion the contention is well taken.

Under the provisions of the charter of the city of Niagara Falls the city treasurer is made the custodian of the building fund for the erection of the school in question. The board of education charged with the erection of the school building is authorized to draw orders on the treasurer for the payments of moneys out of said building fund, and on receipt of such orders the treasurer draws his checks for their payment. It is unnecessary at this time to quote the provisions of the city charter governing the custody of the funds or their mode of payment. There is no dispute, however, as to these facts.

Under the provisions of section 12 of the Lien Law (added by Laws of 1911, chap. 873, as amd. by Laws of 1916, chap. 507) relating to notices of liens on account of public improvement the notice of lien must be filed " with the head of the department or bureau having charge of such construction and with the comptroller of the state or with the financial officer of the municipal corporation, or other officer or person charged with the custody and disburse-

ment of the state or corporate funds applicable to the contract under which the claim is made."

This was not done by the plaintiff by reason of a failure to file its notices with the city treasurer. This omission is fatal to the establishment of a lien by virtue of the omission. (Jensen N. Y. Mechanics' Lien L. §§ 79, 80, and cases there cited; *Terwilliger* v. *Wheeler*, 81 App. Div. 460; *Westgate* v. *Shirley*, 42 Misc. 245; *Ludlow Valve Mfg. Co.* v. *Village of Middleport*, 105 id. 328; *Albany B. S. Co.* v. *Eastern B. & S. Co.*, 235 N. Y. 432.) The plaintiff, however, in its complaint sets up the giving of the order of August 6, 1926, for $5,600 on the board of education and asserts its interest and rights in said fund by virtue of such assignment.

Section 16 of the Lien Law (added by Laws of 1911, chap. 873, as amd. by Laws of 1925, chap. 624) provides that no assignment of moneys due or to become due under contracts for public improvements shall be valid " unless such assignment or order, or a copy thereof, be filed * * * with the head of the department or bureau having charge of such construction, and with the financial officer of the municipal corporation or other officer or person charged with the custody and disbursement of the corporate funds applicable to the contract for such public improvement."

Consequently the omission of the plaintiff to file a copy of said order or assignment with the city treasurer operates to render such assignment invalid as against subsequent lienors. (*Albany B. S. Co.* v. *Eastern B. & S. Co.*, 235 N. Y. 432; *Edison Electric Illuminating Co.* v. *Frick Co.*, 221 id. 1.)

These cases, however, also hold that the provision of section 16 above quoted only renders the assignment given invalid as against subsequent valid lienors and does not affect the validity of such orders or assignments as between the parties making and receiving them.

As was said in *Albany B. S. Co.* v. *Eastern B. & S. Co.* (235 N. Y. 432, 436): " As against invalid liens the assignment was effective."

The operation of the statute is to be confined to the purposes intended. (*Edison Electric Illuminating Co.* v. *Frick Co.*, 221 N. Y. 1.)

It follows, therefore, that by virtue of the assignment of August 6, 1926, the plaintiff has an equitable interest in the fund applicable to the contract between the city and Norman McLeod, Incorporated, and that after the application of such fund to the payment of valid existing liens, if any, it is entitled to the payment of such residue to apply on its claim for $5,600 assigned, and the plaintiff has a standing in court to litigate the validity of any of the liens filed.

This brings the referee to the consideration of the next claim

for a lien filed, to wit, that of August Feine & Sons Company, for $2,034.

The notice of lien was filed October 15, 1926. The original lien appears to have been properly verified, and was filed on that day in the office of the clerk of Niagara county, but only copies of the original were filed with the treasurer of the city and with the board of education. On January 10, 1927, an order of the Supreme Court was made continuing the lien for a period of six months from the granting of the order. The original of the order was filed in the clerk's office of Niagara county on January eleventh and copies of said order were filed with the city treasurer and with the board of education on the 17th day of March, 1927. It is contended by the plaintiff that the lien is invalid for the reason that copies and not originals of the notice were filed, and for the further reason that only copies of the order continuing the lien were filed, and these copies were not filed until March 17, 1927, more than three months after the filing of the notices on October 15, 1926, and the lien had, therefore, expired at the time.

Of course, the filing of the original notice with the clerk of Niagara county effected nothing. That was not the place for filing designated by the statute. It accomplished no more than the retention of the original in the office of the claimant or of its attorneys preparing the same. The question, however, remains whether the filing of copies meets the requirements of the Lien Law.

Section 12 of the act simply provides that a party claiming a lien " may file a notice of lien " with the department or bureau, and with the person or officer charged with the disbursement of the fund. It does not in express terms say the original notice shall be filed, and the question is should the statute be so construed.

The only case bearing on the question so far as the referee can ascertain is that of *Kelley* v. *City of Syracuse* (10 Misc. 306), where the original lien was filed with the treasurer of the city and a copy on the board of education. The court there held that " since the statute does not in terms require the service of the originals, this method of service is sufficient." The justice writing the opinion cited the case of *Smith* v. *Kerr* (49 Hun, 29; 17 N. Y. St. Repr. 351), where the question was as to the sufficiency of service of an offer of judgment, the statute requiring the service of a " written offer," and where only a copy of such offer had been served, the original having been retained in the possession of the attorney, the court at General Term, Mr. Justice BRADLEY writing for the court, saying that the service of the copy met all the requirements of the statute. (Code Civ. Proc. § 740.)

Upon the authority of these cases the referee holds the filing

Supreme Court, January, 1928.                    [Vol. 131

of copies meets all the requirements of the statute.  When we consider the object and purpose of the provisions of the Lien Law, we think this must be so.  The object is to give the city authorities notice of the asserted lien so that they may retain from the funds applicable to the contract sufficient to pay the amount of the lien, and also to advise others dealing with the contractor of the status of affairs.  This would be accomplished as well by the service and filing of copies as by filing the original.  It is in harmony with the directions of section 23 of the Lien Law declaring " This article is to be construed liberally to secure the beneficial interests and purposes thereof.  A substantial compliance with its several provisions shall be sufficient for the validity of a lien and give jurisdiction to the courts to enforce the same."

There remains, however, the further question as to whether the lien expired by reason of the failure to file the order continuing the lien before March 17, 1927.  Counsel for August Feine & Son Company contends that no one has been injured by the omission to file the extending order within three months from the time of filing the original lien, and stands on the case of *Manton* v. *Brooklyn & Flatbush Realty Co.* (217 N. Y. 284).

In that case the action was to foreclose a mechanic's lien.  A lienor who had duly filed his lien obtained a court order continuing it and filed such order with the county clerk with a direction to redocket the lien as required by the Lien Law.  This the clerk did not do for the reason that the lienor failed to pay the statutory fee for redocketing.  The fact that the lien had not been redocketed was discovered, but not until after the time in which to do so had expired, and it was contended these facts vitiated the lien.  The court, however, held that the lien was perfected by the filing of the original notice, and said: " the filing of the notice is the act that creates the lien.  In like manner the filing of the order of the court is the act that continues [the lien] when the year has expired," and " the re-entry in the docket is not a condition of its continuance."

The court further said that the filing of the order of continuance and the redocketing of the lien " is for the protection of those persons only whom silence has misled or injured " and as there were no such persons in the *Manton* case the court held the lien good.

A different case would have been presented had there been intervening claimants.

In this case now in hand there are no intervening claimants to be prejudiced.  An order was in fact made continuing such lien.

The language of section 17 of the Lien Law (as amd. by Laws of

1916, chap. 507) which relates to the duration of liens against private property and the language of section 18 (added by Laws of 1911, chap. 873, as amd. by Laws of 1916, chap. 507) as to the duration of liens under contract for a public improvement are substantially the same except as to the time of duration.

While the *Manton* case related to a lien against private property the referee is unable to distinguish that case from the one now in hand and is forced to hold the lien of the August Feine Sons Company good notwithstanding the continuing order was not filed until March 17, 1927.

*As to the lien filed by the Carey Company.*— On October 18, 1926, this company filed a notice of lien for $2,100, with the board of education and on the same day with the treasurer of the city of Niagara Falls. That filed with the treasurer was the original — that with the board of education a copy.

On the thirteenth of January an order of the Supreme Court was obtained continuing said lien. On January fifteenth certified copies of said order were filed with said treasurer and board.

If the referee is correct in the views expressed as to the validity of such liens stated in the case of August Feine & Sons Company it follows that this lien is also valid and we so hold.

*As to the lien of the Hachmeister-Lind Chemical Company.*— On January 15, 1927, this company filed a notice of lien for $731 with the board of education and with the city treasurer. That with the treasurer was an original, that with the board of education a copy.

The more serious objection raised to the validity of this lien is that the Hachmeister-Lind Chemical Company is a foreign (Pennsylvania) corporation and at the time of doing the work for which the lien is asserted had no authority to do business in the State of New York.

The notice of lien filed states the lienor is of the city of Pittsburg, Penn., and the lien claimed is for " the furnishing of one inch Mastic flooring and the laying of same in a school in the city of Niagara Falls, situated at the corner of Seventeenth street and Ashland avenue in said city."

In form it asserts a lien upon the said real property instead of upon the " funds applicable to the contract." We do not understand that work and material furnished for a public improvement entitles one to a lien on the real property benefited, but the lien is confined to the fund " applicable to the contract."

Passing, however, this defect in the notice we will consider the objection raised as to the right of this company to any lien whatever.

The notice of lien filed states the Hachmeister-Lind Chemical

Company is a "foreign corporation, organized under the laws of the State of Pennsylvania, and residing at and with business address and principal place of business at Pittsburg, Pa., and duly authorized to transact business in the State of New York, having its principal place of business within the State of New York at No. 6 East 46th Street, New York City."

Notwithstanding the statement contained in the notice of lien it was admitted on the trial of this action before the referee that at the time of the making of the contract between the lienor and Norman McLeod, Incorporated, and at the time the material was furnished and the work performed on the school building in question and at the time of filing the notice of lien the lienor had in fact obtained no certificate from the Secretary of State authorizing it to do business in this State, as required by section 15 of the General Corporation Law (as amd. by Laws of 1917, chap. 595).*

There can be no question we think but that the Hachmeister-Lind Chemical Company in doing what it did was doing business within the State in violation of the law. (*Portland Co.* v. *Hall & Grant Construction Company,* 121 App. Div. 779.)

The notice of lien expressly states it had an office for doing business here. The work was done here, and in the case just cited it was held that a foreign corporation having an office for the transaction of business in this State, which contracts to supply labor and material and construct elevator buildings in this State is doing business here within the meaning of the statute.

The statute (General Corporation Law, § 15, as amd. by Laws of 1917, chap. 595) declares: "No foreign stock company other than a moneyed corporation, shall do business in this state without having first procured from the secretary of state a certificate that it has complied with all the requirements of law to do business in this state" and that "No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state, unless prior to the making of such contract it shall have procured such certificate."

Having violated this statute may the company file and acquire any valid lien on the fund in question? The filing of lien is but a step toward the enforcement of the contract with the general contractor and we think the party asserting the lien can acquire no enforcible rights against the fund. Otherwise it would render the statute nugatory.

---

* Section 15 was repealed by Laws of 1923, chap. 787, and subject-matter re-enacted as section 110 of the Stock Corporation Law; that section was repealed by and re-enacted as General Corporation Law, § 15, by Laws of 1927, chap. 425.— [Rep.

Counsel for the Hachmeister-Lind Chemical Company, however, contends a foreign corporation has a right to acquire a lien, citing *Warren Trading Corp.* v. *Kraglan Bldg. Corp.* (220 App. Div. 3); *N. Y. Architectural Terra-Cotta Co.* v. *Williams* (102 id. 1), and that having acquired its lien it has the right to enforce it against the fund or property to which it attaches, citing *Howden & Co., Inc.,* v. *American C. & E. Corp.* (194 App. Div. 164; affd., 231 N. Y. 627).

There is no provision of law forbidding a foreign corporation obtaining a lien. It stands on an equality with domestic corporations or persons, provided, however, it has complied with the law entitling it to a lien. The objection here raised is not that the Hachmeister-Lind Chemical Company is a foreign corporation, but that being such it has not complied with the statute authorizing it to do business here.

In the case of *N. Y. Architectural Terra-Cotta Co.* v. *Williams* (102 App. Div. 1), cited by counsel, the court simply decided the lienor was not under the circumstances of that case doing business within the State in violation of the statute, and that it being a foreign corporation did not preclude it from filing a lien.

The *Williams* case is cited in *Warren Trading Corp.* v. *Kraglan Bldg. Corp.* (220 App. Div. 3). That case simply holds that a foreign corporation which had filed a mechanic's lien and been made a party defendant in an action to foreclose a mortgage had the right to interpose an answer taking issue with the allegations of the complaint. It does not hold that such a defendant might acquire a valid lien without complying with the statute requiring certificate permitting it to do business.

In the referee's opinion the case of *Howden & Co., Inc.,* v. *American C. & E. Corp.* (194 App. Div. 164) does not aid the contention of counsel for the Hachmeister-Lind Chemical Company.

In that case the action was against a foreign corporation for goods sold and delivered. The defendant answered alleging as a defense and by way of counterclaim damages for an alleged breach of the contract of sale. The plaintiff by way of reply alleged the defendant had not obtained a certificate of authority to do business as required by section 15 of the General Corporation Law. The court simply held that inasmuch as the plaintiff had brought the defendant into court it had the right to assert its counterclaim although it could not have maintained an original action thereon. That is quite a different proposition from that involved in the case now under consideration. In the *Howden & Co.* case the defendant's claim for damages arose out of the very contract the plaintiff was seeking to enforce. The plaintiff's right to recover in that

19

case depended on the question of fulfillment on its part. The court rightly decided that the defendant under such circumstances had a right to establish the facts alleged in its answer.

In the case in hand the sole question is as to the validity of the lien of the Hachmeister-Lind Chemical Company, in no way depending on the validity or invalidity of the plaintiff's lien, or of the liens of other lienors. It would indeed be a strange conclusion to hold that because the plaintiff here made the Hachmeister-Lind Chemical Company a party defendant it by that act made its lien valid when otherwise it would have to be held invalid and in law no lien at all.

Counsel for this lienor has contended and successfully that the plaintiff has no valid lien by reason of a non-compliance with the Lien Law. It would be going far to hold that the plaintiff cannot in turn insist this subsequent lien of the Hachmeister-Lind Chemical Company is not also invalid for non-compliance on its part with the statute.

The referee is forced to the conclusion that the lien in question is invalid and so holds.

*As to certain other liens filed by certain defendants: James Robertson* filed a lien on October 2, 1926, for $3,044.32, but such lien was never continued by order within three months of filing and his lien expired before the commencement of this action. The same is true of a lien for $625 filed October 11, 1926, by *Born & Foster.* Also a lien for $260.14 filed November 1, 1926, by *Wales & Hill Corporation.*

As a conclusion of the whole matter the referee finds and decides the liens of August Feine & Sons Company and of the Carey Company are valid and subsisting liens on the fund in question and are entitled to be paid out of said fund.

That after the payment of said claims out of said fund the plaintiff the Italian Mosaic and Marble Co., Inc., is entitled to be paid the balance of said fund by virtue of the assignment of the same given it by the Norman McLeod, Inc., on August 6, 1926.

The question remains as to costs and allowances to be made to the parties appearing in this action.

We are of the opinion the attorneys appearing for the Carey Company, the August Feine & Sons Company, and for the plaintiff are each entitled to a bill of costs to be paid out of the fund in the hands of the city treasurer of Niagara Falls, but under the circumstances of this case no extra allowances should be made.

So ordered.

Let a formal decision be prepared in accordance with the views above expressed.