WALTER I. TERRELL, Plaintiff, *v.* CHARLES MEISENHELDER and Another, Defendants.

County Court, Suffolk County, June 8, 1932.

*Charles Wells Brown*, for the plaintiff.

*Alfred J. Loew*, for the defendants.

HAWKINS, J. The question in this case is whether foreclosure can be had on a mechanic's lien where the copy of the notice of lien, and not the original, was filed. The action being against the owners of the realty on which the improvements were made, and the proof being that the improvements were made at the request of and under

agreement with the builder, and not with them, there is no liability on them personally, even though they looked on while the work was being done, and expressly consented to it. The consent, express or implied, is the ground for imposing a lien, but it cannot be taken as an implied promise to pay where an express promise of another is existent. There is a lien on their premises if the notice of lien filed by this plaintiff was effective.

I am holding that the filing of a copy of a notice of mechanic's lien, instead of the original, is not sufficient compliance with the Lien Law, and does not create a lien on the premises against which the notice is intended. This has not been held before in any case called to my attention or which I have been able to find reported. The reverse was held in *Italian Mosaic & Marble Co., Inc.,* v. *City of Niagara Falls* (131 Misc. 281), which was decided in 1928. My respect for the learned jurist who wrote the opinion in that case has compelled very serious consideration before arriving at a conclusion different from his.

Section 3 of the Lien Law (as amd. by Laws of 1930, chap. 859) says that a mechanic's lien on real property arises at the time of filing a notice of lien as prescribed in that law. Section 9 thereof (as amd. by Laws of 1929, chap. 515) prescribes what the notice of lien is to contain, and says that the notice containing the prescribed particulars must be verified by the lienor or his agent.

The Court of Appeals held, in 1928, that where the verification on the notice of lien was not signed by the lienor, although he did sign the notice of lien itself, there was not sufficient compliance with the statute, and reversed the order of the Appellate Division that had reversed the dismissal at Special Term of the plaintiff's complaint. (*Kingston* v. *M. S. Construction Corporation,* 249 N. Y. 533.) Subsequently, in 1930, the Court of Appeals affirmed a dismissal of the complaint in an action to foreclose a mechanic's lien for practically the same reason. (*Mozarsky* v. *Whinston Bros., Inc.,* 254 N. Y. 552.)

In the case of *Italian Mosaic & Marble Co., Inc.,* v. *City of Niagara Falls* (*supra*) the learned referee relied upon the authority of *Kelley* v. *City of Syracuse* (10 Misc. 306), which in turn relied upon *Smith* v. *Kerr* (49 Hun, 29). But this last named case involved the service of an offer of judgment by the attorneys for the defendant upon the attorney for the plaintiff. Pleadings are, and have for a long time been, served upon an opposing attorney by service of copies thereof. The rule applicable in such case cannot be used as an aid in the construction of a statute that prescribes a means for imposing a lien upon real property.

Section 10 of the Lien Law (as amd. by Laws of 1929, chap. 515)

says that it is the notice of lien that must be filed in the clerk's office of the county where the property is situated. To be sure, it does not say specifically that the " original " notice of lien must be filed. But there was no necessity for using that word, because the Legislature said that the notice of lien must be filed and prescribed, in the preceding section, what the the notice of lien must contain including a verification. If the filing of a copy were sufficient, this section would so state. In section 11 (as amd. by Laws of 1929, chap. 515), with reference to service upon the owner, the statute specifically says that service of a copy of the notice of lien is sufficient. In section 14 (as amd. by Laws of 1929, chap. 515) the Legislature said that an assignment of lien must be filed; but, as for an assignment of money to become due on a contract for improvements, it said, in sections 15 and 16, that either the assignment or a copy thereof could be filed. If a copy of the notice of lien could be filed with like force and effect as the notice of lien itself, section 10 of the Lien Law could, and probably would, have so stated.

I am mindful of the provision of section 23 of the Lien Law (as amd. by Laws of 1929, chap. 515) which says: " This article is to be construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same." This section has been cited in reported cases as supporting the view that the filing of a copy is sufficient.

But under that very section a substantial compliance with the provisions of the statute is necessary before a liberal construction can be given to the act. The copy of the notice may be enough to put all persons on notice of the claim being made for materials or labor, but the Legislature evidently intended that a lien should not actually be imposed on real property no matter what a materialman or laborer might claim, unless the verified notice of lien prescribed in section 9 is filed as provided in section 10. Section 9 says that " a failure to state the name of the true owner or contractor, or a misdescription of the true owner, shall not affect the validity of the lien." It, therefore, intended that a failure to comply with the other provisions of section 9 should render ineffective the notice as a lien on the real property. The notice of lien in each of the Court of Appeals cases that I have cited gave all particulars and could certainly place all persons on notice of the claim made by the person that filed it; yet the omission to sign the verification rendered the filing inoperative as a lien. If the omission of the signature

on the verification of the notice of lien is not sufficient compliance with the statute, then certainly the absence entirely of the notice of lien, and the presence of a copy only, is not enough. The entire substance of the notice was missing, when only a copy was on file. In the absence of the entire substance required by section 9, there is no "substantial" compliance. There cannot, therefore, be a finding, under section 23, of the presence of a lien, and a consequent liberal interpretation of the operative effects of the provisions of the Lien Law.

Judgment will, therefore, be awarded the defendants. Submit proposed findings and decision in accordance herewith.