In the Matter of the Application of WILAKA CONSTRUCTION Co., INC., a General Contractor, for an Order Summarily Discharging Notice of Mechanic's Lien filed by OFFENBERG BRICK CORPORATION and OFFENBERG CONSTRUCTION CORPORATION, as Subcontractor.*

Supreme Court, Special Term, New York County, October 27, 1937.

* Affd., 253 App. Div. 711; motion for leave to appeal to the Court of Appeals denied, Id. 796.

*Rosenberg & Rosenberg* [*Joseph Feldman* of counsel], for the petitioner.

*Sidney O. Raphael*, for the respondents.

SHIENTAG, J. Motion to discharge the notice of mechanic's lien is denied. The notice is not to be treated as one to which no verification has been attached or in which no signature appears (*Matter of Passero & Sons, Inc.*, 237 App. Div. 638; *Mozarsky v. Whinston Bros., Inc.*, 254 N. Y. 552; *Kingston v. M. S. Const. Corp.*, 249 id. 533), but rather as one in which the verification is defective. In such a situation the court will not dismiss an otherwise valid lien. (*Matter of Core Joint Concrete Pipe Corp. v. Paino Bros., Inc.*, 285 N. Y. Supp. 706; 247 App. Div. 746.) It is to be remembered that the Legislature has declared that the Lien Law " is to be construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same. (Lien Law, sec. 23.) " (*Gates & Co. v. Nat. Fair & Exposition Assn.*, 225 N. Y. 142, 155, 157.)

I hold that a filing of a copy of the notice with the comptroller was sufficient compliance with the statutory requirements. (*Italian Mosaic & Marble Co., Inc., v. City of Niagara Falls*, 131 Misc. 281.) The case of *Terrell v. Meisenhelder* (143 Misc. 911) takes too technical a view of the requirements of the Lien Law.

The motion to amend the notice of lien must be denied because of failure to give notice required by section 12-a of the Lien Law. This is without prejudice to renew after proper notice has been given.