■ AUGUST BOHL CONTRACTING CO., INC., et al., Respondents, v ALBANY HOUSING AUTHORITY, Appellant, and A. J. ECKERT CO., INC., et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered August 8, 1977 in Albany County, which denied defendant Albany Housing Authority's motion to vacate, set aside and relieve it from a judgment entered on April 1, 1977. A. J. Eckert Company and E. J. Tompkins Company, Inc. (Eckert-Tompkins), a joint venture, was awarded a contract, as general contractor, by the Albany Housing Authority (Authority) to construct the South Mall Housing Contract. Eckert-Tompkins subcontracted a portion of this contract to August Bohl Contracting Co., Inc., and Cooley Contracting Co., Inc. (Bohl-Cooley), a joint venture. Bohl-Cooley commenced work in October, 1968 which continued for about six months. On April 18, 1969, Bohl-Cooley was notified by Eckert-Tompkins that the project was terminated. A letter from the Commissioner of the Division of Housing and Community Renewal, dated November 19, 1968, advised Eckert-Tompkins that the Albany Housing Authority was notified to omit work under their contract. The letter stated such action was necessitated by the fact that a loan and subsidy contract was not approved by the Comptroller in an amount sufficient to provide the necessary funds for the work. Bohl-Cooley was advised to prepare a statement covering its claim for work, labor and material furnished up to the date of cancellation. Bohl-Cooley's claim in the amount of $30,547 was submitted to Eckert-Tompkins and to the Authority. Encountering extensive delay in obtaining payment, Bohl-Cooley commenced an action against the Authority, Eckert-Tompkins and the State. The complaint alleged, among other things, that Bohl-Cooley had a lien in that amount and demanded judgment therefor plus interest. The Authority, by answer, raised various defenses and thereafter moved to

dismiss the complaint pursuant to CPLR 3211. Bohl-Cooley opposed and cross-moved for summary judgment. Both motions were denied because of insufficient affidavits. Pretrial discovery proceedings were had and Bohl-Cooley made another motion for summary judgment against the Authority. On the return date, Special Term refused to grant the Authority's request for an adjournment and granted summary judgment against the Authority, signing an order at the bench. The attorney for Bohl-Cooley had previously agreed to an adjournment of the motion on a condition but withdrew the agreement the day prior to the return date. Consequently, the Authority submitted no papers in opposition to the summary judgment motion. Thereafter, the Authority, by order to show cause, brought on a motion pursuant to CPLR 5015 to vacate the judgment and to be allowed to defend the action. The motion to vacate was denied by Special Term on the ground the Authority failed to state any acceptable excuse for the default and had failed to state any defense to the complaint. The Authority appeals from denial of that motion. A party to be relieved of a judgment entered by default must show a justifiable reason for the neglect and demonstrate that there is a meritorious defense to the action (5 Weinstein-Korn-Miller, NY Civ Prac, par 5015.04; Wachtell, NY Practice under the CPLR, pp 424-425; *Fusco v Malcolm,* 50 AD2d 685). We turn first to the question of whether the Authority has shown that it has a valid defense on the merits. The Authority contends that the only claim asserted against it in the complaint is one to foreclose a lien on the moneys owed to the general contractor; that the lien is fatally defective and that therefore a meritorious defense exists. The Authority asserts that the lien is invalid because the notice of lien, although served on the State Comptroller, was not served on the fiscal officer of the Authority pursuant to the requirements of section 12 of the Lien Law. The Authority does not contend that the additional filing with it was defective. Section 12 of the Lien Law provides, in pertinent part, as follows: "At any time before the construction or demolition of a public improvement is completed and accepted by the state or by the public corporation, and within thirty days after such completion and acceptance, a person performing work for or furnishing materials to a contractor, his subcontractor, assignee or legal representative, *may file a notice of lien with the head of the department or bureau having charge of such construction or demolition and with the Comptroller of the State or with the financial officer of the public corporation, or other officer or person charged with the custody and disbursements of the state or corporate funds applicable to the contract under which the claim is made."* (Emphasis added.) Section 23 of the Lien Law requires that its provisions be liberally construed "to secure the beneficial interests and purposes" of the law and that a substantial compliance with its several provisions is sufficient for the validity of a lien and to give the courts jurisdiction to enforce the lien *(Hawkins v Mapes-Reeve Constr. Co.,* 178 NY 236, 241; *Rockland Lake Trap Rock Co. v Village of Port Chester,* 102 App Div 360, 361–362, affd 185 NY 590). In the instant case there is adequate proof in the record to establish that the State Comptroller had such a connection with the funds involved so as to substantially meet the requirements of section 12. Correspondence in the record indicates that the State Comptroller was to audit the claims of the subcontractor; that the Comptroller must approve any settlement; and that the Comptroller, in fact, did not approve the loan and subsidy contract in an amount sufficient to provide the necessary funds for the work, requiring termination of the work. Indeed, the contract was abrogated because of the failure of the State Comptroller to approve the necessary funding. (See, also,

Public Housing Law, § 14, subd 3.) Nowhere in the record is it indicated who was the finance officer of the Authority. Section 12 states the proper officers with whom to file the notice of lien in the disjunctive. It appears that where there is such substantial control in an officer over the distribution of the funds involved in the applicable contract, constructive custody can be said to exist in such officer sufficient to comply with section 12. Certainly, under such facts it was logical for plaintiff to file the notice of lien with the Comptroller. Such filing and the filing on the Authority itself, created a valid lien *(Hawkins v Mapes-Reeve Constr. Co., supra; Rockland Lake Trap Rock Co. v Village of Port Chester, supra; Westgate v Shirley,* 42 Misc 245, 250-251). In view of our decision it is not necessary to decide whether or not a justifiable excuse existed for the Authority's default. We have examined the other contentions of the Authority and find them to be without merit. The lien being valid, there is no defense to the action and the order of Special Term denying the Authority's motion to vacate the judgment must be affirmed. Order affirmed, with costs. Sweeney, J. P., Kane, Staley, Jr., Larkin and Mikoll, JJ., concur.