■ C.R.A. INC. OF NORTHERN NEW YORK, Respondent, v J & K PLUMBING AND HEATING COMPANY, INC., et al., Appellants. [774 NYS2d 455]—

Peters, J. Appeal from an order of the Supreme Court (Demarest, J.), entered January 9, 2003 in Franklin County, which, inter alia, denied defendants' motions for summary judgment dismissing the complaint.

In this action seeking to foreclose a public improvement lien, defendant State of New York moved for summary judgment by averring, inter alia, that dismissal was warranted due to plaintiff's failure to file its original notice of lien with the Comptroller. The remaining defendants cross-moved for similar relief and plaintiff sought to have the State's affirmative defense regarding the sufficiency of its notice stricken. Plaintiff's motion was granted to the extent of finding that its original notice of lien did not have to be filed with the Comptroller to be valid and defendants' summary judgment motions were denied. This appeal followed.

The original notice of lien complied with all requirements of Lien Law § 12. It was signed, verified and notarized, but incorrectly filed with the Franklin County Clerk's office. Copies of the notice were mailed, by certified mail, to the Comptroller and all other necessary parties (*see* Lien Law § 12). Viewing the remedial nature of the Lien Law (*see Matter of Niagara Venture v Sicoli & Massaro*, 77 NY2d 175, 180 [1990]) and the liberal construction which it should be accorded "to secure its beneficial interests and purposes" (*id.* at 180; *see* Lien Law § 23; *Bohl Contr. Co. v Albany Hous. Auth.*, 61 AD2d 1094, 1095 [1978]; *Matter of Wilaka Constr. Co.*, 166 Misc 185, 186 [1937], *affd* 253 App Div 711 [1937]; *Italian Mosaic & Marble Co. v City of Niagara Falls*, 131 Misc 281, 285-286 [1928]), we find that under the circumstances presented here, the failure to have filed the original notice of lien with the Comptroller was not fatal (*see Matter of Wilaka Constr. Co., supra*; *Italian Mosaic & Marble Co. v City of Niagara Falls, supra*; *Kelley v City of Syracuse*, 10 Misc 306 [1894]). Further without merit is the contention that the Comptroller's audit powers under the State Finance Law justified his rejection of the notice and insistence upon original documents with original signatures at this stage of the matter.

Mercure, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.