(66 App. Div. 473.)

### J. R. ALSING CO. v. NEW ENGLAND QUARTZ & SPAR CO.

(Supreme Court, Appellate Division, First Department. December 6, 1901.)

1. FOREIGN CORPORATIONS—STATUTES—SUIT AGAINST CORPORATION—COUNTERCLAIM—RECOVERY.

Laws 1892 requires a foreign corporation, before doing business in the state, to "obtain a certificate" of authority so to do, and provides that in case of failure to procure such certificate the corporation "shall not maintain any action" on any contract made by it in the state. Laws 1895, c. 240, requires that a foreign corporation shall procure the certificate, and also a receipt for a license fee, and that in event of failure to procure the same "no suit shall be maintained or recovery had" by such corporation. Laws 1896, c. 908, enacts that no action may be maintained or recovery had by a foreign corporation unless the license receipt be procured within 13 months from the beginning of business

in the state. *Held,* that the act of 1896 supersedes, if it does not repeal, that of 1895, and hence under the act of 1892 a foreign corporation which has not procured a certificate authorizing it to do ,business may recover on a counterclaim interposed by it.

2. SAME—EVIDENCE.

Where, in an action for the price of a machine, defendant claimed that the machine was worthless, and one of defendant's witnesses was asked whether defendant had made an effort to sell the machine, an objection thereto that it was immaterial is insufficient to raise the point that the offers, if any, received were inadmissible to show value.

3. APPEAL—EXCEPTIONS.

Where no objection is made to the answer of a witness, and there is no request to strike it out, an exception based thereon is not good on appeal.

4. SAME—INSTRUCTIONS—INSTRUCTION CURING ANOTHER.

Where, in an action for the price of a machine, defendant set up by way of counterclaim a breach of warranty as to the efficiency of the machine, and claimed that the machine was worthless, and the court, then charged the jury that if the defendant had shown that there was a warranty, which was broken, and that the machine was worthless, the money paid on account might be recovered, any error in such instruction was cured by a statement, at plaintiff's request. that the correct rule of defendant's damages was the difference between the value of the machine if it were perfect when delivered and its value at the time of trial.

5. SAME—INSTRUCTIONS.

Inasmuch as the defendant's evidence tended to show the machine worthless, and the court in the first instruction had said that the jury, before applying the rule, should so find, the instruction was not erroneous, though the latter one. correctly stated the rule; the two instructions being identical, under the circumstances.

6. SAME—EVIDENCE—SUFFICIENCY.

Where, in action for the price of a pulverizing machine, defendant set up a breach of warranty as to its efficiency, and there was evidence that it was built for a special purpose on order, and that it was faulty and useless for its purpose; that it could not be repaired; and that, even as old junk, it was lined with porcelain bricks, which would have to be removed, so it was absolutely worthless,—a verdict for defendant could not be said to be contrary to the evidence.

Appeal from trial term, Kings county.

Action by the J. R. Alsing Company against the New England Quartz & Spar Company. From a judgment in favor of defendant, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

The action was brought to recover upon a promissory note given by the defendant, a West Virginia corporation, in part payment for a pulverizing machine; there having been a previous amount paid on account. The answer alleged that there was want of consideration for the note, owing to a breach of the plaintiff's express warranty as to the efficiency and capacity of the machine, and a counterclaim was interposed to recover the sum which had already been paid. The reply, besides denying the alleged warranty, averred that the defendant, although a foreign corporation, had not obtained the certificate required by law to enable it to do business in the state of New York. Upon the trial the defendant gave evidence tending to show that, although the machine had been guarantied as "perfect in every respect," the head had been put in at an angle, with the result that a wobbling motion was produced, the capacity was not half what was represented,

and extra horse power was required, the machine discharged material at both ends, instead of at one, and the product was not properly ground. It was also testified by the defendant's treasurer that: "The machine could not be used by us for any purpose in our factory. * * * It is worth nothing more to me than old junk. As old junk it would cost about as much, it is so heavy. It is absolutely worthless, so far as we are concerned. It is all lined with porcelain bricks, and all that would have to be taken out. * * * It is of no earthly use for the manufacture of silica. 'No use for anybody in the manufacture of silica." This witness was asked: "Did you make any effort to sell the machine?" And after objection was made to the materiality of the question, and overruled, and exception taken, he replied: "I offered the machine in connection with these old machines, to see if it could be sold,—to see what it was worth,—but I couldn't. The parties wouldn't touch it. They said it wouldn't run true, and they didn't want it." No objection was made to the answer, nor was there any request to strike it out. Another witness testified for the defendant that the machine was practically useless, as made, and could not be set right by any system of repairs. The plaintiff gave some testimony in opposition to that of the defendant as to the efficiency and value of the machine, and also offered proof that the defendant had not complied with the laws of the state as to obtaining a certificate entitling it to do business here, and, when this was excluded, duly took exception. An exception was also taken by the plaintiff to that portion of the charge that if the defendant had shown an express warranty, which was broken, and the machine was worthless, then it was "entitled to damages, which may be measured by the amount of money it has already paid out on account of this machine"; and the plaintiff's counsel then requested the court to charge that "the only measure of damages which can be fixed for the defendant, in case it should have proved its alleged claim, is the difference between the value of that machine if it were perfect when delivered and its present value." The learned trial judge, after remarking that there was authority on that line, and it would be error not to so charge, and that at the same time there was authority as indicated, said: "I will charge your rule as being the correct rule of damages. I will not decline it." The jury returned a verdict in favor of the defendant for the full amount paid, and from the judgment so entered, and from an order denying a motion for a new trial, the plaintiff appeals.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

James C. Cropsey, for appellant.
George C. Lay, for respondent.

O'BRIEN, J. The appellant relies upon four grounds for reversing the judgment, the principal one of which is that there was error in the exclusion of the evidence offered to show that the defendant had not complied with section 16 of chapter 687 of the Laws of 1892. The plaintiff presented evidence which, if admitted, would have tended to prove that the defendant corporation, doing business in the state of New York, had not procured the certificate required by section 16, c. 687, of the Laws of 1892, and by chapter 240 of the Laws of 1895. The former act, which is part of the general corporation law, required that a foreign corporation, before doing business in this state, shall obtain a certificate of authority so to do; and the penalty fixed by the statute for a failure to procure it is as follows:

"No foreign stock corporation doing business in this state without such certificate shall maintain any action upon any contract made by it in this state until it shall have procured such certificate."

Chapter 240 of the Laws of 1895 provides:

"No action shall be maintained or recovery had in any of the courts of this state, without obtaining the certificate of authority prescribed by law and a receipt for the license fee hereby imposed."

In the earlier statute the language is that the corporation may not "maintain any action," while the statute of 1895 provides that "no action shall be maintained or recovery had in any of the courts of this state." The later enactment is thus more comprehensive, and it requires not only the obtaining of a certificate, but also a receipt for a license fee. Under the act of 1892, it is clear, we think, that a foreign corporation which has been made a party in an action in our courts has a right, in addition to contesting the claim made against it, to recover upon a counterclaim based upon the same transaction. The defendant, having been brought into court and thus made to defend, should be allowed, unless there is a distinct provision to the contrary, not only to defend, but also to litigate any question arising out of the transaction that has been made the basis of the plaintiff's complaint. There is no such prohibitive provision in this statute, and therefore the obtaining of the certificate would not be a prerequisite to a recovery upon the counterclaim in question. The act of 1892 prohibits a foreign corporation from doing business in this state without obtaining the permit prescribed by the act; and, for refusal to comply, the penalty referred to is attached,—that no action can be mantained in the courts of this state. The act of 1895, it will be noticed, however, is in effect a tax law, and imposes a penalty upon the foreign corporation which fails to pay the license fee therein prescribed. It is true that in fixing the penalty the language was not limited to the mere failure to pay the license fee, there being a reiteration of the same penalty to be imposed for a failure to obtain the certificate as prescribed by law. This latter provision, however, need not be considered further, because it must be regarded as superseded by section 181, c. 908, of the Laws of 1896, which is the general law affecting corporations, and which, upon this subject of the license tax to be imposed upon foreign corporations, prescribes the penalty in entirely different language, as follows:

"No action shall be maintained or recovery had in any of the courts of this state by said foreign corporation without obtaining a receipt for the license fee hereby imposed within thirteen months after beginning such business within the state."

It will therefore be noticed that, in determining the question of what is the penalty imposed upon the foreign corporation for doing business in this state without first obtaining the certificate from the secretary of state, resort must be had to the act of 1892 which regulates that subject, whereas, when the question is as to the penalty for a failure to pay the license tax, resort must be had to the law just quoted (section 181, c. 908, Laws 1896), which supersedes, if it does not actually repeal, the act of 1895. It follows that the only act which applies in this case is that of 1892, because the proof offered was not for the purpose of showing a failure to pay the license tax under the acts of 1895 and 1896, but was directed merely to showing that the defendant had not obtained from the

secretary of state a certificate entitling it to do business in this state. As our construction of the act of 1892 is that it would not prevent a recovery by a foreign corporation upon a counterclaim growing out of the same transaction upon which the plaintiff sued, it follows that there was no error in excluding the proof offered.

The second error alleged by the plaintiff is that evidence of offers to sell the machine was improperly admitted as proof of its value. The objection, however, which is the basis of the exception, was that the question itself, of whether the defendant had made "an effort to sell the machine," was immaterial. Had the answer been "Yes" or "No," the effect would have been to show the good faith of the defendant; and there was no inquiry as to what, if any, offers were received. Although it is true that the witness did not properly respond to the question, and in his answer stated that certain parties said the machine "would not run true, and they didn't want it," no objection was made to this answer, nor was there any request to strike it out; and this exception, therefore, is not good.

Another alleged error upon which the plaintiff relies is presented by the exception to the charge relating to the measure of damages, and there are two reasons why the exception cannot be sustained: The first is that the court, after charging the jury that if the defendant had shown that there was a warranty, which was broken, and that the machine was worthless, the money paid on account might be recovered (which was the rule of damages to which the plaintiff objected), subsequently, upon plaintiff's request, charged that the "correct rule" was "the difference between the value of that machine if it were perfect when delivered and its present value"; thus curing any error in the charge previously made. The second reason is that, although the rule formulated and charged at the plaintiff's request is the correct one, yet in the present instance, upon the facts appearing, the rule which had been charged by the court and that which was subsequently charged as requested by the plaintiff are identical, since the defendant's evidence tended to show that the machine was worthless, and the court had said that the jury, before applying the rule first stated, should so find. If the machine were worthless, then, its present value being nothing, the difference would be the sum which the defendant had paid.

The plaintiff insists, however, that there is nothing to show that the machine was worthless; and we thus come to the final contention that the verdict was contrary to the evidence. In this connection it is asserted that the defendant gave no proof that the machine had no actual value, the testimony of its officers merely being that the machine had no value in the factory. We think, however, that the evidence is sufficient to give rise to the inference that the machine was of no value whatever, for it is testified that it was built for a special purpose, upon order, and that it was faulty and useless to any one for that purpose; that it could not be repaired; and that, even as old junk, it was lined with porcelain bricks, which would have to be removed, so that it was "absolutely worthless."

Our conclusion, therefore, upon the whole case, is that the judgment appealed from must be affirmed, with costs. All concur.