JAMES HOWDEN & COMPANY OF AMERICA, INC., Respondent,
*v.* AMERICAN CONDENSER AND ENGINEERING CORPORATION,
Appellant.

First Department, December 3, 1920.

Corporations — foreign corporations — action against foreign corporation — right to interpose counterclaim based on contract where certificate of authority not procured — right to interpose counterclaim where license fee not paid — General Corporation Law, section 15, and Tax Law, section 181, construed and applied.

Section 15 of the General Corporation Law, providing that no foreign stock corporation doing business in this State shall maintain any action in this State upon any contract made in this State unless prior to the making of such contract it shall have procured the certificate from the Secretary of State required by that section, does not prohibit the assertion of a counterclaim by a foreign corporation sued in this State, where it has not complied with said section.

Section 181 of the Tax Law, providing for a license tax on foreign corporations and that " No action shall be maintained or recovery had in any of the courts of this State by such foreign corporation after thirteen months from the time of beginning such business within the State, without obtaining a receipt from the Comptroller for the payment of the license fee " provided for therein, does not prohibit a foreign corporation from interposing a counterclaim in an action against it and recovering thereon though under the circumstances it could not have maintained an original action thereon.

The purpose of the insertion in said section of the words " or recovery had " by chapter 240 of the Laws of 1895 was to prohibit the recovery of a judgment in an action which had been lawfully brought prior to the expiration of the thirteen months, if after the expiration of such time the tax were not paid.

The general policy of the statute is to forbid an appeal to the courts in an affirmative action by any foreign corporation which has not obtained a certificate of authority as prescribed by section 15 of the General Corporation Law or which, after thirteen months, has not paid the tax as provided by section 181 of the Tax Law.

DOWLING, J., dissents.

APPEAL by the plaintiff, James Howden & Company of America, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of April, 1920,

overruling the defendant's demurrer to affirmative defenses contained in plaintiff's reply to the defendant's counterclaims.

*Dorman T. Connet* of counsel [*William Dewey Loucks*, attorney], for the appellant.

*Walter K. Earle* of counsel [*Shearman & Sterling*, attorneys], for the respondents.

SMITH, J.:

The complaint was for goods sold and delivered and the judgment demanded is for $10,012.75. The contract is alleged in paragraph 4 of the complaint as having been made at Wellsville, N. Y. The defendant, in its answer, denies each and every allegation contained in paragraphs 4 and 5 of the plaintiff's complaint. In the 2d paragraph of the answer a contract is specifically alleged for the delivery of twenty-five sets of gray iron castings in accordance with certain drawings and in accordance with certain specifications therein stated. It is further alleged that the plaintiff failed to perform its contract in certain particulars named to the defendant's damage in the sum of $61,200. This is alleged both as a defense to the plaintiff's cause of action and as a counterclaim. In the 13th paragraph certain other defects are alleged in the materials furnished to the defendant by the plaintiff under the contract alleged in the 2d paragraph of the answer for which damage is asked in the sum of $3,329.44. This is also alleged as a defense and as a counterclaim to plaintiff's cause of action.

The plaintiff in reply, after making certain denials, alleges as a first defense to the first counterclaim that defendant was a foreign stock corporation and had not obtained the certificate of authority required by section 15 of the General Corporation Law authorizing it to do business within this State. Further, that the defendant has not paid the license fee upon the capital stock employed by it within this State under section 181 of the Tax Law of the State of New York.

As a reply to the second counterclaim these same defenses are alleged among others and the plaintiff asks that these counterclaims be dismissed.

The defendant has demurred to both defenses in the reply based upon section 15 of the General Corporation Law and upon section 181 of the Tax Law. These demurrers have been overruled, and the defendant here appeals.

Section 15 of the General Corporation Law (as amd. by Laws of 1917, chap. 594) forbids any foreign stock corporation other than a moneyed corporation from doing business within this State without having procured from the Secretary of State a certificate that it has complied with all the requirements of law to authorize it to do business in the State. It is further provided: " No foreign stock corporation doing business in this State shall *maintain any action* in this State upon any contract made by it in this State, unless prior to the making of such contract it shall have procured such certificate."

Section 181 of the Tax Law (as amd. by Laws of 1917, chap. 490) provides for a license tax on a foreign corporation. That license tax is to be computed upon the basis of the capital stock employed by the foreign corporation within the State during the first year of carrying on its business within the State. In that section it is further provided: " No action *shall be maintained or recovery had* in any of the courts in this State by such foreign corporation after thirteen months from the time of beginning such business within the State, without obtaining a receipt from the Comptroller for the payment of the license fee upon the capital stock employed by it within this State during the first year of carrying on its business in this State."

In the brief presented upon this appeal the defendant is not insisting upon its challenge to the plaintiff's reply under section 15 of the General Corporation Law. That section provides that for failure to conform to its provisions and obtain the certificate therein required no action *shall be maintained* by any foreign stock corporation upon a contract made within this State. The demurrer to such defense could not be sustained, for the reason that neither in the counterclaim asserted nor in the reply is there any allegation that the contract was made in this State, and further, the provision in this section that no action shall be maintained has been construed not to prohibit the assertion of a counterclaim by a defendant sued in this State, although the defendant has not complied with section 15

of the General Corporation Law. (*Alsing Co.* v. *New England Quartz Co.,* 66 App. Div. 473.) The defendant relies, however, upon its challenge to the replies based upon section 181 of the Tax Law of the State, which provides that upon failure to pay the tax therein prescribed no action shall be maintained " *or recovery had* " in any of the courts of this State by any such foreign corporation, *after thirteen months* from the beginning of business within this State. It is claimed that the addition of the words " or recovery had " precludes the defendant from asserting a counterclaim, as well as from maintaining an action except upon the payment of the tax after thirteen months from the time of beginning of business within the State. This phrase was inserted in the law originally by chapter 240 of the Laws of 1895. Prior to that time, confessedly, under the case of *Alsing Co.* v. *New England Quartz Co.* (*supra*), the defendant might assert a counterclaim when sued within this State, although it could not maintain an action, and it may still do so, unless precluded by the words so added to the statute. The question then presented is what was the intention of the Legislature in adding this phrase " or recovery had " to the statute prohibiting the maintenance of an action after thirteen months from the commencement of business within the State without the payment of the tax. I am unable to agree with the plaintiff that the Legislature intended by the addition of this phrase to prevent the assertion of a counterclaim by a foreign corporation sued within the State.

In the first place, this is a tax law to be construed strictly in favor of the taxpayer. In the *Alsing Case* (*supra*) in construing the act as it read before the insertion of this clause, the opinion reads: " Under the act of 1892, it is clear, we think, that a foreign corporation which has been made a party in an action in our courts has a right, in addition to contesting the claim made against it, to recover upon a counterclaim based upon the same transaction. The defendant, having been brought into court and thus made to defend, should be allowed, *unless there is a distinct provision to the contrary,* not only to defend but also to litigate any question arising out of the transaction that has been made the basis of the plaintiff's complaint."

Again, to so construe this phrase would allow the **defendant**

to counterclaim at least *to the extent of the plaintiff's claim,* so that it could not in any event be interpreted to prohibit the insertion of any counterclaim. This would result in confusion, because there is no provision in the statute for the assertion of the right to the balance of the demand made in the counterclaim in a separate action after the payment of the tax. It is doubtful, too, if there could be any recovery after the payment of the tax of the balance of the demand included in the counterclaim, because in a case of unliquidated damages the jury would simply be called upon to say whether the damage suffered was sufficient to offset the plaintiff's claim, if the claim were otherwise supported. In any subsequent action for the recovery of the balance of the demand after the payment of the tax, it would be impossible, except with special findings of the jury, to say whether the plaintiff's claim had been defeated upon defendant's denials, or by offsetting any part of the demand included in the counterclaim. If it had been intended to preclude the insertion of any counterclaim, it would seem that the Legislature would have chosen more apt words to express that intention. The statute might have read that no action shall be maintained " or counterclaim asserted," or it could have read no action shall be maintained or recovery had " by either party " to the action. Under the construction given to the statute before the insertion of these words to the effect that the defendant might assert any counterclaim when sued, the denial of that right under the phrase inserted is not in my judgment such " a distinct provision to the contrary," as is stated by Mr. Justice O'BRIEN in the *Alsing* case to be necessary in order to defeat the defendant's right to assert its counterclaim. A comparison of section 15 of the General Corporation Law and of section 181 of the Tax Law furnishes, I think, a clear indication of the intention of the Legislature in inserting the clause " or recovery had " in the Tax Law. Under section 15 of the General Corporation Law no action could be brought without the certificate of authority. Under section 181 of the Tax Law an action might be brought without the payment of the tax before the expiration of the thirteen months from the commencement of business within the State. If an action were brought within that thirteen months it might be gravely questioned whether that action could not be

prosecuted to judgment, after the thirteen months, notwithstanding the failure to pay the tax.   The purpose of the amendment, therefore, by the insertion of these words would seem clearly intended to prohibit the recovery of a judgment in an action which had been lawfully brought prior to the expiration of the thirteen months, if after the expiration of such time the tax were not paid.   The general policy of the law is apparent to forbid an appeal to the courts in an affirmative action by any foreign corporation which has not obtained a certificate of authority as prescribed by section 15 of the General Corporation Law or which, after thirteen months, has not paid the tax as provided by section 181 of the Tax Law.   There is no reason why the Legislature should have retained the right of a defendant sued to assert a counterclaim when the corporation had failed to obtain the certificate of authority to do business, and have precluded that right where the tax was not paid.   In other words, if such had been intended by the insertion of these words, it would seem that section 15 of the General Corporation Law would have been similarly amended. The failure to so amend section 15 of the General Corporation Law would seem to signify that that was not its intention and this is made the more clear, as I view it, when under section 181 of the Tax Law an action might be lawfully brought prior to the thirteen months, in which action I think it was intended by this phrase to forbid a recovery after the thirteen months in case the tax has not been paid.   What was said by Mr. Justice O'BRIEN in the *Alsing* case as to the interpretation of this provision cannot be deemed controlling, because in that case the remarks were purely obiter, inasmuch as the right to assert the counterclaim was then challenged only under the act of 1892 for failure to file a certificate from the Secretary of State authorizing the corporation to do business within the State, and I am unable to agree with the conclusion reached by the Appellate Term in the case of *American Ink Co.* v. *Riegel Sack Co.* (79 Misc. Rep. 421).

There are other questions raised which are not necessary here to consider in view of the construction which I deem should be placed upon this phrase in the statute.

The order should be reversed, with ten dollars costs and disbursements, and the demurrer sustained, with ten dollars

costs, with leave to plaintiff to serve an amended reply upon payment of said costs.

Clarke, P. J., Laughlin and Greenbaum, JJ., concur; Dowling, J., dissents.

Order reversed, with ten dollars costs and disbursements, and demurrer sustained, with ten dollars costs, with leave to plaintiff to serve an amended reply on payment of said costs.