WARREN TRADING CORPORATION, Respondent, *v.* KRAGLAN BUILD-ING CORPORATION and Others, Defendants, Impleaded with GODER INCINERATOR CORPORATION, Appellant.

Second Department, March 11, 1927.

Mortgages — building loan mortgage — foreclosure on ground that mort-gagor had failed to proceed continuously with construction of building — part only of amount had been advanced — answer by foreign cor-poration, which had filed mechanic's lien, presented issue whether advances had been made and whether mortgagee had right to declare default — foreign corporation may file mechanic's lien and may interpose defense and counterclaim regardless of its right to sue in this State.

This is an action by the holder of a building loan mortgage to foreclose the same after having declared a default under a provision in the mortgage authorizing it to do so if the mortgagor failed to proceed continuously with the construction of the building. At the time the default was declared a part only of the money had been advanced. The appellant had filed a mechanic's lien and interposed an answer denying any knowledge or information sufficient to form a belief as to the allegations relating to the making of the mortgage, the amount of the advances thereon by the plaintiff and whether the mortgagor was in default as alleged by the plaintiff. The answer sufficiently raised an issue on those questions.

A foreign corporation may file a mechanic's lien and even though it may not be able to maintain an action because it has not procured a certificate to do business in this State, it still may interpose a defense and counterclaim where it is brought into court as a defendant.

APPEAL by the defendant, Goder Incinerator Corporation, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 20th day of November, 1926, granting plaintiff's motion to strike out the answer of said defendant for insufficiency and as sham and frivolous.

This is an action to foreclose a building loan mortgage. The plaintiff declared the mortgagor in default under a clause in the mortgage authorizing it to do so if the mortgagor should not proceed continuously with the erection and completion of the building. At the time of the alleged default a part only of the amount stipulated had been advanced to the mortgagor. The appellant has filed a mechanic's lien for work, labor and material furnished.

*Donald Marks*, for the appellant.

*Joseph A. Seidman*, for the respondent.

KELLY, P. J. We are of opinion that the answer interposed by the defendant, appellant, presented, *inter alia*, an issue whether the advances alleged to have been made upon the building loan agreement and the mortgage were made as alleged, and whether the owner was in default in proceeding with the completion of the building or as to the other matters pleaded as justification for declaring the mortgage due. *Non constat*, if the plaintiff had advanced the full amount of the loan, the defendant, appellant, might have collected the amount due for the work and materials furnished in the building. A foreign corporation may file a mechanic's lien (*N. Y. Architectural Terra-Cotta Co.* v. *Williams*, 102 App. Div. 1; affd., 184 N. Y. 579), and the fact that appellant is a foreign corporation does not prevent it from interposing a defense and counterclaim where it is brought into court as a defendant. (*Howden & Co., Inc.*, v. *American C. & E. Corp.*, 194 App. Div. 164; affd., without opinion, 231 N. Y. 627.)

The order granting plaintiff's motion to strike out the answer of appellant, Goder Incinerator Corporation, should be reversed upon the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

MANNING, YOUNG, LAZANSKY and HAGARTY, JJ., concur.

Order granting plaintiff's motion to strike out answer of appellant, Goder Incinerator Corporation, reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.