The judgment is accordingly reversed and the cause remanded.

WOODLEY, Judge (dissenting).

As I see it, appellant's presence at the vacant house some fifteen feet from 1504; his opening the door; his statement to the officers that no one lived there and there was nothing in the house, and they were welcome to look, show that he was exercising some character of control over the house where a large quantity of beer was discovered.

These facts appear to distinguish this case from the cases cited.

**Jesus RAMOS et al., Appellants,**

**v.**

**Carrie A. GUERRA, Appellee.**

**No. 13321.**

Court of Civil Appeals of Texas.

San Antonio.

March 26, 1953.

Walter P. Purcell, San Diego, for appellants.

Archer Parr, San Diego, O. P. Carrillo, Benavides, for appellee.

BARROW, Justice.

This suit was filed by appellee, Carrie A. Guerra, as plaintiff, against appellants, Jesus Ramos, Jose Canales, and Adrian Chapa, individually and as Trustees of the Realitos Common School District No. 20 of Duval County, Texas, and their successors in office, and said Realitos Common School District No. 20, as defendants, seeking an injunction to restrain the defendants from interfering with or preventing plaintiff from performing and discharging her duties as teacher in said Realitos Common School District during the school year 1957–1958. Upon a hearing on October 10, 1957, the trial court granted a temporary injunction in all things prayed for, and this appeal is from that judgment.

■ Neither of the parties have filed briefs in this case. Therefore, we consider the case on the bill and answer, and the evidence appearing in the statement of facts. Rule 385, Subd. (d), Texas Rules of Civil Procedure.

It appears from the record, that the appellee on April 1, 1957, entered into a contract with the Trustees of Realitos Common School District to teach in said school district for and during the 1957–1958 school year, being for twelve consecutive months, beginning September 1, 1957. That at the beginning of the school term, appellee was prevented from teaching, and ordered to leave the school, by appellants, Jesus Ramos and Jose Canales (Canales having been elected at the April, 1957, election to succeed Cresencio G. Ruiz). That, thereafter, on September 11, 1957, after due notice to appellants, and upon a hearing of the matter, the County Board of School Trustees of Duval County made and entered an order finding and holding that appellee's contract with said school district was valid and binding, and ordering her immediately reinstated as teacher. That, after the order of the County Board of School Trustees and notice thereof were served on appellants, appellee again appeared at the school and tendered her services, whereupon the appellants again interfered and prevented her from teaching. Thereafter this suit was filed.

■ It does not appear that an appeal was taken from the decision of the County Board of School Trustees of Duval County, either to the State Commissioner of Education or to the District Court of Duval County, as provided in Article 2686, Vernon's Ann.Civ.Stats. of Texas. Therefore, the decision of the County Board of School Trustees became the final judgment establishing the validity of appellee's contract and her right to teach in the Realitos Common School District of Duval County. Wichita Common School Dist. No. 11 v. Dickens Independent School District of Dickens County, Tex.Civ.App., 206 S.W.2d 885; Donie Independent School District v. Freestone Consolidated Common School Dist. No. 13, Tex.Civ.App., 127 S.W.2d 205; Davis v. Hemphill, Tex.Civ.App., 243 S.W. 691.

■ It appearing from the record that appellee has a valid certificate authorizing her to teach in the position in which she was elected to teach under the contract here involved, and it appearing that the contract is not in any way illegal, the trial court was correct in granting the temporary injunction.

The judgment is affirmed.