Forrest A. Bennett, San Antonio, for appellant.

Waggoner Carr, Atty. Gen., David M. Fender, Chas. B. Swanner, Asst. Attys. Gen., Austin, for appellee.

BARROW, Justice.

This is an appeal from a temporary injunction issued against appellant under the provisions of the Medical Practice Act, Title 71, Chapter 6, Arts. 4495–4512, Vernon's Ann.Civ.Stats.

It is stipulated that appellant is not licensed to practice medicine in the State of Texas as required by the Medical Practice Act, supra. At the time of the trial he was operating, in Bexar County, a business known and advertised as "Dr. H. M. Shelton's Health School." An investigator for appellee testified that on April 11, 1963, appellant offered to treat the witness' ulcer at this place of business. Appellant denied

**H. M. SHELTON, Appellant,**

**v.**

**TEXAS STATE BOARD OF MEDICAL EXAMINERS, Appellee.**

No. 14247.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 26, 1964.

Rehearing Denied March 25, 1964.

**814**

that he diagnosed or treated this witness or any patients at his "health school" where persons fasted to heal their ailments.

The trial court found that appellant was practicing medicine without a license and threatens to continue to do so unless enjoined. A temporary injunction was issued enjoining appellant, pending final hearing, from practicing medicine without a license as required by the Medical Practice Act, supra, and "particularly from publicly professing to be a physician and diagnosing, treating and offering to treat diseases and disorders and offering to effect cures thereof, and from diagnosing, treating and offering to treat diseases, disorders, physical deformities and injuries and offering to effect cures thereof, and charging therefor money or other compensation, without first complying with the provisions of the Medical Practice Act," supra.

Appellant does not complain of the trial court's finding that he was practicing medicine without a license in violation of law, but asserts in his sole point that the temporary injunction as granted by the trial court disturbed the status quo and was therefore an abuse of discretion.

■ It is well settled that the status quo to be preserved by a temporary injunction is "the last, actual, peaceable noncontested status which preceded the pending controversy." 32 C.J. § 2, p. 21; 43 C.J.S. Injunctions § 2; Transport Co. of Tex. v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549; Lowe & Archer, Texas Practice, Injunctions, § 328. This rule does not permit the continuation of a violation of law.

■ In Rattikin Title Company v. Grievance Committee of State Bar of Texas, Tex.Civ.App., 272 S.W.2d 948, the Court recognized the status quo rule and said: "But in an injunction case wherein the very acts sought to be enjoined are acts which prima facie constitute the violation of expressed law, the status quo could never be a condition of affairs where the re-

spondent would be permitted to continue the acts constituting that violation." The Court held that when it is determined that the law is being violated, it is the province and the duty of the court to restrain it. See also, Famous Department Store v. State, Tex.Civ.App., 371 S.W.2d 76; City of Corpus Christi v. Lone Star Fish and Oyster Co., Tex.Civ.App., 335 S.W.2d 621; Gifford v. State, Tex.Civ.App., 229 S.W.2d 949.

It is our opinion that the trial court did not abuse its discretion in issuing the injunction pending trial on the merits.

The judgment is affirmed.