**SPARTAN INDUSTRIES, INC., Appellant,**

v.

**The STATE of Texas et al., Appellees.**

No. 3885.

Court of Civil Appeals of Texas.

Eastland.

May 15, 1964.

Rehearing Denied June 12, 1964.

Jay S. Fichtner, Dallas, for appellant.

Henry Wade, Dist. Atty., Ted P. McMasters, City Atty's office, Dallas, James E. Barlow, Dist. Atty., Crawford B. Reeder, City Atty., San Antonio, for appellees.

GRISSOM, Chief Justice.

Spartan Industries, Inc., which operates department stores in Dallas, San Antonio, Austin and Fort Worth, sued said cities and certain officials, including the District Attorney and Sheriff of Dallas County, seeking to enjoin them from enforcing

Article 286a P.C., one of the statutes sometimes known as the "Sunday Closing Laws". That statute provides that any person who, on both of the two consecutive days of Saturday and Sunday, sells certain merchandise shall be guilty of a misdemeanor. It makes certain exceptions. It states that its purpose is to promote the health, recreation and welfare of the people of Texas; that operation of any business in violation of its provisions constitutes a public nuisance and that any person may apply to court of competent jurisdiction for an injunction restraining its violation.

Spartan alleged that it proposed to sell on both of the two consecutive days of Saturday and Sunday all of the merchandise which it usually offered for sale, including many articles the sale of which on said two days is specifically and expressly prohibited by Article 286a P.C. It alleged that unless said officials were enjoined, they would enforce said statute, which would cause it irreparable damage, for which it had no adequate remedy at law, and enforcement would constitute an invasion of its vested property rights. Spartan contends that Article 286a P.C. is a criminal statute, but that its tests and requirements are so uncertain as to make it void. The defendants contended that plaintiff had an adequate remedy at law by raising its defenses in any proceeding brought against it under said statute; that Article 286a P.C. gave defendants authority to institute criminal proceedings but did not authorize any actual or potential violator thereof to enjoin its enforcement; that to enjoin defendants from filing complaints or otherwise enforcing said statute, it would be necessary for the civil court in which the suit was filed to construe a penal statute in an equity proceeding and thus usurp jurisdiction of the criminal courts and that said court had no jurisdiction to determine the constitutionality of said statute; that before a civil court in an equitable proceeding may enjoin enforcement of a penal statute two things must exist: (1) the statute must be unconstitutional and (2) its enforcement must result in irreparable injury to vested property rights and that, in the language of the Supreme Court in Crouch v. Craik, 369 S.W.2d 311, 315, "[t]hat situation does not exist in this case." The defendants' pleas were sustained and Spartan's suit was dismissed. It has appealed.

■ Appellant contends the court erred in dismissing its suit to restrain appellees from enforcing Article 286a P.C. because it alleged that said article was unconstitutional because, among other things, it is a penal statute but there is no mention of penalties in the caption. In Ex parte Wilson, 374 S.W.2d 229, 231, the Court of Criminal Appeals, in an opinion by Judge Woodley, considered and overruled that contention. It held that a liberal construction should be indulged to uphold the act and, since the caption commences with the phrase "An Act to prohibit the sale" on consecutive Saturdays and Sundays, etc., it is sufficient to embrace a provision in the body of the act penalizing persons violating it and that it is not obnoxious to the Texas Constitution.

■ Appellant further contends that Article 286a P.C. is so indefinite that its tests are subjective, rather than objective, and therefore inoperative. Said article is not indefinite. It expressly and clearly prohibits the sale of certain merchandise under the conditions which appellant says it will sell it.

■ Appellant says the court erred in dismissing its case because it had alleged under oath that enforcement of said statute threatened irreparable injury to vested property rights, for which damages it had no adequate remedy at law, and, since said statute is unconstitutional, the defendant officials were acting without authority and consent of the State to be sued was unnecessary. We think it is evident appellant had no vested property rights entitling them to an injunction against enforcement of the statute. See Kemp Hotel Operating Co. et al. v. City of Wichita Falls et al., 141 Tex. 90, 170 S.W.2d 217.

The decision of our Supreme Court in Crouch v. Craik, 369 S.W.2d 311, disposes of this appeal. It was there held that a civil court has no jurisdiction to enjoin a district attorney from enforcing Article 286a P.C. It said that only when a criminal statute is (1) void and (2) vested property rights are being impinged by its enforcement can jurisdiction of a court of equity be invoked to restrain its enforcement. The court said, "[T]hat situation [did] not exist in this case." See also Ex parte Sterling, 122 Tex. 108, 53 S.W.2d 294 and Department of Public Safety v. Buck, Tex. Civ.App., 256 S.W.2d 642, 646 (Ref. N. R.E.).

In Ex parte Sundstrom, 25 Tex.App. 133, 8 S.W. 207, the Court of Appeals of Texas, in 1888, held that such laws were constitutional, clearly within the power of the legislature to pass and that such questions had then been too long settled to doubt now, or be called in question, or to need authority to support them. See also Sayeg v. State, 114 Tex.Cr.R. 153, 25 S.W.2d 865 and Clark v. State, 167 Tex.Cr.R. 204, 319 S.W.2d 726, 727.

In People v. Havnor, 149 N.Y. 195, 43 N. E. 541, 31 L.R.A. 689, 52 Am.St.Rep. 707, it was said "that the real object of the statute must appear, upon inspection, to have a reasonable connection with the welfare of the public, the exercise of the police power by the legislature is well established as not in conflict with the constitution. * * * When thus exercised, even if the effect is to interfere to some extent with the use of property or the prosecution of a lawful pursuit, it is not regarded as an appropriation of property or upon encroachment on liberty, because the preservation of order and the promotion of the general welfare, so essential to organized society, of necessity involve some sacrifice of natural rights."

All of appellant's contentions have been carefully considered. They are overruled. The judgment is affirmed.