The STATE of Texas et al., Appellants,

v.

COOK UNITED, INC., et al., Appellees.

No. 17154.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 22, 1971.

Rehearing Denied Feb. 26, 1971.

Frank Coffey, Criminal Dist. Atty., and Don E. Burdette, Asst. Dist. Atty., Fort Worth, for appellants.

Berman, Fichtner & Mitchell, and Linda A. Whitley, Dallas, for appellees.

## OPINION

BREWSTER, Justice.

This case involves Art. 286a of Vernon's Annotated Texas Penal Code, which is sometimes referred to as the "Sunday Closing Law."

It is an appeal from a District Court order that granted a temporary injunction enjoining the State of Texas, its Attorney General, all district and county attorneys, and their agents and employees, and Tarrant and McLennan Counties from filing any new causes of action, suits in law or in equity, or instituting any other litigation against or involving any of the appellees, their agents and employees, the object or purpose of which would be to obtain *injunctive or civil relief* provided for or which might arise out of the terms and provisions of Art. 286a, Vernon's Annotated Texas Penal Code and/or the terms and provisions of Chapter 15, Business and Commerce Code of Texas, V.T.C.A., pending final adjudication of all existing and pending litigation by, between and among any or all of the parties to the cause then pending in the 48th District Court. The

order also contained the following: "* * * provided however, this Order shall in no way affect the status or prosecution of the current, pending litigation heretofore filed by the State of Texas and County of Tarrant."

The State of Texas, through the Tarrant County District Attorney, had filed a suit in 48th District Court, Tarrant County, seeking injunctive relief under Art. 286a, Texas Penal Code, against the appellees, alleging that they were operating four business locations in Tarrant County contrary to the provisions of the statute. Prior to that time the State of Texas had in 1968 filed a similar suit in the 17th District Court of Tarrant County alleging that most of the appellees had in 1968 violated the same statute and an injunction was sought against them under the statute. Appellees filed a cross-action in this last referred to case and the State then took a non-suit as to its suit for an injunction in that case, leaving the cross-action pending. The Tarrant County District Attorney, who had filed each of the other two suits on behalf of the State, then brought another suit in the 141st District Court of Tarrant County naming Tarrant County, a political subdivision of the State of Texas, as plaintiff and the appellees as defendants, alleging that appellees were violating Art. 286a, Penal Code of Texas, and asking for the injunction provided for by that statute.

The appellees in the case are Cook United, Inc., M. N. Landau Stores, Inc., Clark's Texas, Inc., Clark's Arlington, Inc., d/b/a Cook's Discount Stores and Cook's Discount Center, Sundaco, Inc., Martin Stryer, Marshall Brinkley, Claude Crawford, Ed Croan, A. Cyr, David DeBoard, Neal Dismukes, Jim Jett, Roy Rickard, J. C. Miller, Jay Fichtner, and Harry Margolis.

In each of the three Tarrant County cases the State's contentions were substantially the same. Contention was that one or more of the corporate defendants was operating a business at one of the locations in Tarrant County and that such corporate

entity purported to enter into a contract with the appellee, Sundaco, Inc., by which it sold to Sundaco, Inc. all of its stock of merchandise at that location at 11:59 P.M. on each Saturday night during the period covered by the agreement; then on Sunday night at 12:00 P.M. Sundaco would sell back to the owner of the business that part of the stock that had not been sold on Sunday. The State contended that this arrangement was a mere sham and that it was devised to get around the Sunday closing law. It was contended that on consecutive Saturdays and Sundays the appellees sold articles listed in Art. 286a all in violation of that statute and each suit sought a restraining order, temporary injunction and the permanent injunctive relief provided for by the statute in instances where such merchandise was being sold on both Saturday and Sunday in violation of the statute.

All appellees that are individuals are either managers or employees of the corporate parties, except Jay Fichtner, who was a director, stockholder, and secretary of Sundaco, Inc.

In each of such cases the parties, including Sundaco, answered alleging that Sundaco, Inc. was a Texas corporation, was an entirely separate and distinct legal entity from the corporate entity that owned and operated the particular business at the location involved for six days each week. It was claimed that such corporations (owners) operated the business for six days a week and that Sundaco bought the merchandise of the store on Saturday night, leased the premises for each Sunday, and then ran during Sunday a separate business from this same location on Sunday. In each such case the claim of appellees was that such operation was not a sham, that it was not in violation of Art. 286a, and that in addition to that the statute was unconstitutional.

Prior to the temporary injunction hearing in question all three of the Tarrant County suits had been transferred into the 48th District Court and consolidated into one case for trial.

The appellees in such case filed a cross-action by which they sought the temporary injunctive relief granted to them by the order in question. The grounds urged for seeking the temporary injunction were that the State or its political subdivision (Tarrant or McLennan Counties) had not only filed the three cases against them in the Tarrant County Courts that were referred to above, but had also filed 6 or 7 other cases in District Courts located in other Texas counties against one or more of the appellees and were threatening to file others, and that in each case the parties were substantially the same and the law and fact questions involved were substantially the same and the relief sought (the injunction provided for by Art. 286a) was the same. Appellees alleged that the State had thus subjected them to a multiplicity of suits, subjected them to harassment and vexatious litigation.

After a hearing the trial court granted a temporary injuunction substantially as outlined in the second paragraph of this opinion and the State and its subdivisions involved here have appealed.

■ It was not necessary for appellants to file a brief in this case since it is an appeal from an order granting a temporary injunction. This is true because of the provisions of Rule 385(d), Texas Rules of Civil Procedure. Ramos v. Guerra, 311 S. W.2d 869 (San Antonio, Tex.Civ.App., 1958, no writ hist.), and Austin v. Consolidated Casting Co., 246 S.W.2d 273 (Fort Worth, Tex.Civ.App., 1952, no writ hist.).

Appellants did not file briefs herein at the time required by Rule 414, T.R.C.P., but did file briefs in connection with the appeal just a few days prior to submission date.

The law that controls this Court in a determination of this appeal from an order granting a temporary injunction is clearly stated in the Texas Supreme Court opinion in the case of Texas Foundries v. International Moulders & F. Wkrs., 151 Tex. 239, 248 S.W.2d 460 (1952), as follows: "* * * The granting or refusing of a temporary injunction is subject to a very different character of appellate review from the granting or refusing of a permanent injunction. The trial court is clothed with broad discretion in determining whether or not to issue a temporary injunction to preserve the rights of the parties pending a final trial of the case, and when that discretion is exercised its order should not be overturned unless the record discloses a clear abuse of discretion. * * *"

To the same effect see Janus Films, Inc. v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589 (1962), and Ben Wheeler Ind. Sch. Dist. v. County School Trustees, 414 S.W.2d 477 (Tyler Civ.App., 1967, ref., n. r. e.).

On this particular appeal the review of the case therefore does not extend to the merits, but is limited to the question of abuse of discretion. Metropolitan Construction Company v. White, 438 S.W.2d 433 (Fort Worth, Tex.Civ.App., 1969, no writ hist.).

By its first four points the State contends that the trial court erred in granting the temporary injunction because the effect of the order was to enjoin the enforcement of the penal statute, Art. 286a, Penal Code of Texas, and to suspend its operation.

■ The law in Texas is clear that a civil court has no jurisdiction to enjoin the enforcement of a criminal statute except in instances where (1) such statute is void or unconstitutional, and (2) where the applicant's vested property rights are impinged by the enforcement of such statute. See Spartan Industries, Inc. v. State, 379 S.W. 2d 931 (Eastland, Tex.Civ.App., 1964, no writ hist.); City of Fort Worth v. Craik, 411 S.W.2d 541 (Tex.Sup., 1967); and City of Richardson v. Kaplan, 438 S.W.2d 366 (Tex.Sup., 1969).

Texas courts have held the Statute (Art. 286a) to be constitutional. See State v. Spartan's Industries, Inc., 447 S.W.2d 407 (Tex.Sup., 1969), and Spartan Industries v. State, 379 S.W.2d 931 (Eastland, Tex. Civ.App., 1964, no writ hist.). This last case also holds that people in the position of appellees here have no vested property rights entitling them to an injunction against the enforcement of the statute.

The State contends that the case should be reversed for those reasons.

We overrule such contentions.

■ Article 286a of the Penal Code is unquestionably a criminal statute. Section 3 of the statute provides for punishment of violators by either fine, imprisonment or by both. The trial judge was careful to make the questioned order provide expressly that the injunction granted was against "filing any new causes of action, * * * the * * * purpose * * * of which would be to obtain *injunctive* or *civil* relief provided for or which might arise out of the terms * * * of Article 286a * * *." (Emphasis ours.) It is thus apparent that no restraint was imposed or intended to be imposed by the order in question upon the State or its agents against filing and prosecuting criminal complaints against any of the appellees for alleged violations of the statute.

Section 4 of Art. 286a, Penal Code, provides in substance that if a person or corporation operates a business in violation of the statute, such operation is declared to be a public nuisance and an injunction against such violation can be obtained in any court having jurisdiction.

At the time the questioned order was granted the State or some of its subdivisions had already filed around 10 different cases against some or all of the appellees throughout the State alleging that such appellees were operating one or more businesses in violation of the statute and in each instance the injunction provided for by Section 4 of the statute was the relief

sought. Three of such suits had been filed in different District Courts of Tarrant County, all seeking the same relief. In nearly all such suits the controlling question involved was whether or not the contractual relationship between the owner of the business and Sundaco, Inc. was a mere sham.

The order in question in no way attempted to enjoin the State from prosecuting any of its pending suits to get the injunction provided for by Section 4 of the statute.

The order recited the Court's findings, which were in substance, as follows: between September, 1967 and the time of the hearing (May 11, 1970) the State had filed no less than 10 lawsuits against all or some of the appellees in the various district courts of Texas seeking this injunctive relief provided for in Art. 286a, Sec. 4; that each such suit has basically identical parties; that essentially the same cause of action is involved in each lawsuit; that the multiplicity of lawsuits filed by the State of Texas has been harassing and vexatious to the appellees and that the trial court, having jurisdiction of the subject matter and the parties, finds that it is necessary in order to prevent a multiplicity of suits and vexatious litigation and to prohibit the use of the judicial process for purposes of harassment to grant the temporary injunction in question.

■ We have examined the entire record and find that there is ample evidence in the record to support all of such findings made by the trial court.

We have concluded that the questioned order does not attempt to enjoin the State from getting the injunctive relief against appellees that is authorized by Sec. 4 of Art. 286a, Penal Code.

The effect of the order complained of was to tell the State that you already have these people in court; the relief you seek against them of enjoining them from violating the statute can be obtained in the

suits that you have already filed; quit filing different and additional suits all over the State involving the same people, alleging substantially the same facts and seeking the same relief; and get in there and try one or more of these pending cases on the merits to a final conclusion and get the matters in controversy between you and appellees over with.

We believe that the road is open, even though this temporary injunction was granted, for the State, by prosecuting its pending cases, to get all the injunctive relief against the appellees that is authorized by Art. 286a, Sec. 4.

The record gives no indication why the Tarrant County cases have not been brought to trial on the merits before now. A trial on the merits would dispose of all matters that were involved in the temporary injunction hearing and abrogate it entirely.

■ It is apparent from what has been said that we conclude that the questioned order in no way violates the established rule that a civil court cannot enjoin the enforcement of a criminal statute.

There is no question but what the trial court had the right to grant injunctive relief to prevent a multiplicity of suits and to prevent the filing of vexatious litigation which is filed for the purpose of harassing an opposing litigant. See University of Texas v. Morris, 344 S.W.2d 426, at page 428 (Tex.Sup.1961), wherein the court said: "A district court having jurisdiction of the parties and the subject matter may enjoin a party from prosecuting a cause of action in another court when such relief is necessary to prevent a multiplicity of suits, avoid vexatious litigation, or prohibit the use of the judicial processes for purposes of harassment."

■ The State's point 5 urges error of the trial court in granting the injunction because the effect of it is to suspend the operation of Chapter 15, Business and Commerce Code, as to parties who may be in privity with any of the parties to this suit but not themselves a party to it.

Point of error No. 6 urges that the trial court erred in granting the injunction because the effect of the order was to grant judicial immunity to appellees allowing them to open and operate new business in the State contrary to Art. 286a.

We overrule these points. The questioned order in no way prevents the State from amending its pleadings in one of its pending cases and in that way disposing of the matters referred to.

We also overrule the State's points 7 through 11 wherein claims are made that there was either no evidence or insufficient evidence to justify the court in finding certain facts involved in the case. We will not burden this opinion with a discussion of these points other than to say that we have examined the entire record and conclude that there was some evidence offered during the hearing on each of the points referred to and we find the evidence offered to be sufficient in each instance to justify the court in making the finding complained of.

■ The State's 12th point contends that the trial court erred in making the temporary injunction in question operative against officers and employees of the State other than the two district attorneys, Frank Coffey and Martin Eichelberger, for the reason that they were not parties to the suit.

Relative to this contention we refer to the following from 31 Tex.Jur.2d 309: "An injunction is binding on the parties to the action; on the officers, agents, servants, employees, and attorneys of the parties to the action; and on those persons who, after receiving actual notice of the order by personal service or otherwise, act in concert or participation with the parties to the action. Thus, an enjoined defendant is guilty of disobedience and may be held in contempt for an act done by one over whom he has control even though the per-

son doing the act is not a party to the injunction proceedings."

So it is apparent from this that no harm could be done to any one by making the temporary injunction operative against officers and employees of the State even though they were not actually named as parties to the suit. Such injunction was effective against them anyway, whether the order so provided or not. See also Rule 683, T.R.C.P.

Point 12 is overruled.

In its point 13 the State contends that it was error to grant this injunction as to any party other than Frank Coffey, District Attorney of Tarrant County, Texas, because the trial court's jurisdiction of the subject matter is confined to the boundaries of Tarrant County, Texas, as to parties who did not voluntarily submit to the court's jurisdiction.

Appellants cite no cases in support of such point. The plaintiffs in the trial court (appellants here) were the State of Texas and Tarrant County. The original actions in two of the Tarrant County cases were filed by the State through its attorney and representative, Frank Coffey, District Attorney of Tarrant County, Texas, through his assistant, Don Burdette. The other was filed by Mr. Burdette for Tarrant County as plaintiff. At the hearing in question Mr. Don Burdette personally appeared. Mr. Ronald Slaughter, an assistant District Attorney of McLennan County also personally appeared. These men represented the State and Tarrant and McLennan Counties and the District Attorneys of both Tarrant and McLennan Counties throughout the hearing.

In view of these appearances by the attorneys of record for such parties, we are convinced that the trial court had jurisdiction to grant an injunction that is operative against the parties outside the boundaries of Tarrant County and, therefore, overrule point 13.

Point 14 contends that the trial court erred in granting the injunction in favor of M. N. Landau Stores, Inc. and Cook United, Inc., because neither of such cross-plaintiffs (foreign corporations) had authority to do business in Texas and neither had complied with Art. 2031a, V.A.T.S., and therefore neither have any standing to maintain the cross-action to get the affirmative relief afforded by the temporary injunction in question.

Article 8.18, Sub. A, Texas Business Corporation Act, V.A.T.S., provides: "No foreign corporation which is transacting, * * * business in this State without a certificate of authority shall be permitted to maintain any action, * * * or proceeding in any court of this State * * * on any cause of action arising out of the transaction of business in this State, until such corporation shall have obtained a certificate of authority."

Article 8.18, Sub. B, of the same Act, provides: "The failure of a foreign corporation to obtain a certificate of authority to transact business in this State. * * * shall not prevent such corporation from defending any action, suit or proceeding in any court of this State."

We have seen no Texas case directly in point. The State of New York has statutes relating to foreign corporations that are very similar to the Texas Statutes that are involved here. The appellate courts of that State have passed directly on this question. The New York cases hold that a foreign corporation which has been sued in a New York court can bring a cross-action in such case against plaintiff and can also defend such case. In support of this proposition see 20 C.J.S. Corporations, 1936, p. 200; James Howden & Co. v. American C. & E. Corp., 194 App.Div. 164, 185 N.Y.S. 159 (1920, affirmed in 231 N.Y. 627, 132 N. E. 915); and Warren Trading Corp. v. Kraglan Bldg. Corp., 220 App.Div. 3, 220 N. Y.S. 455 (1927).

The order complained of was authorized by Art. 8.18, Sub. B, above referred to, be-

cause the trial court found on sufficient evidence that it was necessary to grant such temporary injunction in order to keep appellants from subjecting appellees to a multiplicity of suits, to keep them from filing vexatious litigation against appellees and to prevent the judicial process from being used against them for the purpose of harassment. The relief in question falls in the category of being defensive in nature and is relief that a foreign corporation without a permit is entitled to in instances where the facts warrant it.

It will be noted also that the type of action that a foreign corporation (with no certificate of authority to do business in the State) is forbidden from bringing by Art. 8.18, Sub. A, of the Texas Business Corporation Act is a suit arising out of the doing of business in Texas.

The subject matter of the cross-action in question does not fall into the category of litigation that such a foreign corporation is forbidden from bringing and this is an additional reason why point 14 should be overruled.

For the reasons stated point 14 is overruled.

The hearing of the temporary injunction was held on May 11, 1970. The order complained of was signed on May 14, 1970. On May 20, 1970, the appellants filed among the papers in the case an instrument it calls its "Second Exception to Court's Ruling Granting Injunctive Relief." Noted on it and signed by the trial court is a notation to the effect that the contents of such paper were not brought to the attention of the court in any way during the hearing. The contention presented is that there was no proof made during the hearing that the State had consented to having the cross-action for the injunctive relief filed against it.

The State's point 15 contends that the court erred in not sustaining this second exception to the ruling of the court granting the injunctive relief in question because there was no proof that the State had consented to having the cross-action brought against it.

The record shows that the State was the party that originally brought the suits. This same point was presented to the Court in the case of State v. Martin, 347 S.W.2d 809 (Austin Tex.Civ.App., 1961, ref., n.r.e.), and the court there ruled adversely to the State's contention here. At page 814 of the opinion the Court said:

"The State's contention that appellee's cross-action is, in effect, a suit against the State to the bringing of which the State has not consented and, therefore, cannot be maintained is overruled.

"The State, not appellee, brought this suit. Appellee's right to defend such suit included the right to cross-claim and obtain affirmative judgment on such claim where the claim so asserted is incident to, connected with, arises out of, or is germane to the suit or controversy brought by the State. Anderson, Clayton & Co. v. State, 122 Tex. 530, 62 S.W.2d 107; Commonwealth of Massachusetts v. Davis, Tex. Civ.App., Austin, 160 S.W.2d 543, reversed in part 140 Tex. 398, 168 S.W.2d 216."

We therefore overrule the appellants' 15th and last point.

We have concluded from an examination of the record in this case that the trial judge did not abuse his discretion in granting the temporary injunction.

The judgment is affirmed.