The STATE of Texas et al., Petitioners,

v.

COOK UNITED, INC., et al., Respondents.

No. B–2642.

Supreme Court of Texas.

July 7, 1971.

Frank Coffey, Dist. Atty., Spencer Shropshire, Asst. Dist. Atty., Forth Worth, for petitioners.

Berman, Fichtner & Mitchell, Linda A. Whitley and Harold B. Berman, Dallas, Prager & Brown, Forth Worth, for respondents.

McGEE, Justice.

The State of Texas, by and through Frank Coffey, Criminal District Attorney of Tarrant County, Texas, filed four lawsuits seeking injunctive relief under Art. 286a, Vernon's Annotated Texas Penal Code, sometimes referred to as the Sunday Closing Law, against Cook United, Inc., M. N. Landau Stores, Inc., Clarks Texas, Inc., Clarks Arlington, Inc., doing business as Cooks Discount Department Store and Cooks Discount Center, Sundaco, Inc., Martin Stryer, Marshall Brinkley, Claude Crawford, Ed Croan, A. Cyr, David Deboard, Neal Dismukes, Jim Jett, Roy Rickard, J. C. Miller, Jay Fichtner and Harry Margolis. The State took a non-suit in one of the cases and the other three were consolidated. By way of cross action, the Respondents sought and obtained a temporary injunction enjoining the State of Texas, its Attorney General, all District and County Attorneys, and their agents and employees, and Tarrant and McLennan Counties from filing any new causes of action, suits in law or in equity against or involving any of the Respondents, their agents and employees, the object of which would be to obtain *injunctive* or *civil relief* pursuant to Art. 286a, Vernon's Annotated Texas Penal Code and/or Chapter 15, Business and Commerce Code of Texas, pending final adjudication of all existing and pending litigation by, between and among any and all of the parties to the cause then pending * * * "provided however, this order shall in no way affect the status or prosecution of the current, pending litigation heretofore filed by the State of Texas and County of Tarrant." This judgment was affirmed by the Court of Civil Appeals, 463 S.W.2d 509. We modify and affirm the judgments of the courts below.

Mr. Fichtner, an officer in Sundaco, Inc., described the arrangement with these other corporations. Sundaco purchases the stock of merchandise at various locations throughout the State of Texas on Saturday during the term of the agreements. It also has leases on each of the locations for the period of time from 11:59 p. m. on Saturday until midnight on Sunday. Sundaco buys the inventory on Saturday night and sells the remaining inventory back at midnight on Sunday. All of Sundaco's agree-

ments with the other corporate entities are "basically the same."

The evidence supports the findings of the trial judge:

"  *   *   *   that commencing in September, 1967 the State of Texas, acting by and through various district and county attorneys have filed no less than ten lawsuits, in each occasion naming one, more or all of the Cross-Plaintiffs herein and seeking injunctive relief against one, more or all of the Cross-Plaintiffs herein; that four (4) lawsuits have been filed in McLennan County, three (3) lawsuits have been filed in Tarrant County, two (2) lawsuits have been filed in Taylor County, two (2) lawsuits have been filed in Brazos County, one (1) lawsuit has been filed in Lubbock County and one (1) lawsuit has been filed in Ector County; that each of said lawsuits sought basically the identical relief of an immediate Restraining Order or Temporary Injunction under the provisions of Article 286a, Texas Penal Code and/or Chapter 15 of the Business and Commerce Code of the State of Texas; that each of such lawsuits has essentially identical parties; that essentially the same cause of action is involved in each lawsuit; that the evidence is clear and convincing that the multiplicity of lawsuits filed by the State of Texas has been harassing and vexatious to the Cross-Plaintiffs and cumulatively they have constituted harassment to Cross-Plaintiffs and vexatious litigation; that this court, having jurisdiction of the parties and subject matter hereof, finds that it is necessary, in order to prevent further multiplicity of suits and vexatious litigation and to prohibit the use of the judicial processes for purposes of harassment to grant injunctive relief."

In some of the cases against these Respondents the State was guilty of particularly vexatious and harassing litigation in that it would file suit on Friday, obtain a temporary restraining order without notice, succeed in thus closing Sundaco's operations for two weekends, and then take a non-suit.

At the time of the hearing on this temporary injunction, only one suit had been reduced to final judgment; the District Court in Ector County had denied the State's petition for temporary injunction holding that the Sundaco contracts and operations were not in violation of the statutes.

The trial judge has broad discretion in the granting or refusing of a temporary injunction. His judgment on appeal will not be overturned unless the record discloses a clear abuse of discretion. Texas Foundries v. International Moulders and Foundry Workers Union, 151 Tex. 239, 248 S.W.2d 460 (1952). We find no error and no abuse of discretion in the trial court's action in granting a temporary injunction when such relief is necessary to prevent multiplicity of suits, avoid vexatious litigation and to prohibit the use of judicial processes for the purposes of harassment. University of Texas v. Morris, 162 Tex. 60, 344 S.W.2d 426 (1961); Repka v. American National Ins. Co., 143 Tex. 542, 186 S.W.2d 977 (1945).

Petitioner contends that the Court of Civil Appeals erred in holding that the trial court did not abuse its discretion by enjoining all new suits to obtain *civil* or *injunctive* relief under Article 286a, Vernon's Annotated Texas Penal Code and/or Chapter 15, Business and Commerce Code of Texas. Petitioner argues that such decision is in conflict with City of Fort Worth v. Craik, 411 S.W.2d 541 (Tex. Sup.1967); City of Richardson v. Kaplan, 438 S.W.2d 366 (Tex.Sup.1969); Crouch v. Craik, 369 S.W.2d 311 (Tex.Sup.1963); and Spartan Industries, Inc. v. State of Texas, 379 S.W.2d 931 (Tex.Civ.App.1964, no writ hist.). These cases hold that a

court of equity has no jurisdiction to enjoin enforcement of a penal statute unless (1) such statute is void or unconstitutional, and (2) vested property rights are being impinged as a result of an attempt to enforce such void statute. No restraint was imposed in this case by the temporary injunction against filing and prosecuting criminal complaints nor did such order restrain the State from prosecuting any of its pending suits to obtain the injunction authorized by Art. 286a, Sec. 4, Vernon's Annotated Texas Penal Code. Petitioners' authorities are not in point because Sec. 4, the injunction section, is not penal. The injunction authorized by Section 4 offers civil relief, and if it is employed for the purpose of harassment, its use is subject to restriction by a court of equity. University of Texas v. Morris, supra; Repka v. American National Insurance Co., supra. Inasmuch as the State, if successful in the trial upon the merits, can obtain a permanent injunction against all of these Respondents in this suit, there would be no necessity for prosecuting the other pending suits nor would there be any necessity for filing additional suits for this purpose. It should be noted that this order would remain in effect pending final hearing and determination of this cause. All of the Sundaco contractees have joined in seeking this temporary injunction, thus subjecting themselves to the jurisdiction of the District Court in Tarrant County.

■ Petitioners next contend that it was error to enjoin all county and district attorneys in the State of Texas rather than restricting the order to the two district attorneys of record [Tarrant and McLennan Counties].

We agree. The certificate of the District Clerk of Tarrant County shows that no persons other than representatives or public officials of Tarrant and McLennan Counties were served with citation or notice of hearing upon the Original Cross-Action and Plea for Affirmative Relief, First Amended Petition of Cross Plaintiffs and Second Amended Petition of Cross Plaintiffs in this cause. Rule 681, Texas Rules of Civil Procedure provides:

"No temporary injunction shall be issued without notice to the adverse party."

In the absence of notice to or service of citation upon the Attorney General of the State of Texas, or county and district attorneys other than those of Tarrant and McLennan Counties the temporary injunction is hereby modified to enjoin only the county and district attorneys of Tarrant and McLennan Counties, and shall have no effect on the Attorney General of the State of Texas or the other district and county attorneys in this State.

■ We do not agree with the Respondent's contention that Article 1926–42, Vernon's Texas Civil Statutes, makes the criminal District Attorney of Tarrant County the agent of the State of Texas or the Attorney General for the purposes of service of citation. Neither do we agree that the State of Texas and the Attorney General are properly enjoined by virtue of Rule 683, Texas Rules of Civil Procedure, in that they are not officers, agents, servants, employees or attorneys of the criminal District Attorney of Tarrant County. Moreover, not having served citation upon the State or Attorney General, Respondent cannot validly contend that the other county and district attorneys throughout the State would be bound by this temporary injunction under Rule 683, Texas Rules of Civil Procedure.

■ Petitioners next contend that the Court of Civil Appeals erred in holding that the trial court did not abuse its discretion when the effect of the order was to preserve a condition of illegality. It should first be noted that this temporary injunction was granted for the purpose of preventing a multiplicity of suits, avoid

vexatious litigation and to prohibit the use of judicial processes for the purpose of harassment. The temporary injunction was not granted on the merits of the pending case.

Petitioners contend that the effect of the temporary injunction entered by the trial court is to maintain the status quo, thereby condoning the illegal actions of Sundaco. The three cases cited by Petitioners are not in point. Rattikin Title Company v. Grievance Committee, 272 S.W.2d 948 (Tex.Civ.App.1954, no writ hist.); Shelton v. State Board of Medical Examiners, 376 S.W.2d 813 (Tex.Civ.App.1964, no writ hist.); City of Corpus Christi v. Lone Star Fish and Oyster Co., 335 S.W.2d 621 (Tex.Civ.App.1964, no writ hist.). All three of these cases involved temporary injunctions to restrain illegal actions of the Respondents, which injunctions issued after a hearing on the merits. The appeal in this case, resulted from a temporary injunction being granted because the Petitioners had, in numerous actions, refused to pursue the merits of the controversy.

Petitioners merely "assume" that the operations of Respondents are illegal and from that presumption conclude that Respondents do not have "clean hands" to maintain their suit in equity. In judging the actions of the trial judge, we must remember that at that time the only final judgment in the entire state involving the merits of the Sundaco operation was the Ector County judgment holding Sundaco's operations to be legal.

Nothing in this opinion is to be interpreted as approving Respondents' contentions on the merit of this case to the effect that their contracts and operations are not in violation of Art. 286a, Vernon's Annotated Texas Penal Code.

The judgment of the Court of Civil Appeals as modified herein is affirmed.